DORÉ, Judge.'
On consideration we have arrived at the conclusion that the trial judge has substantially stated the material issues raised in this case and has properly disposed of said issues in the written reasons for judgment handed down by him. Therefore, we have adopted his written reasons as the opinion of this court, which are as follows:
“In the latter part of the year 1951 plaintiff brought suit against this defendant under an act of Chattel Mortgage and was' granted a Writ of Sequestration for the seizure of a Hot Point Refrigerator. Citation was'duly issued with proper service upon the defendant, and in Decembér of 1951 a judgment was granted in favor of plaintiff and against ! the defendant Following this judgment a Writ of Fieri Facias was issued and the refrigerator on , which the plaintiff had *884 • a Vendor’s lien was sold by the Sheriff. Since the refrigerator did not sell for sufficient funds to satisfy the judgment the plaintiff then sought to garnishee the wages of the defendant for the unpaid balance.
“The defendant then filed an answer to the plaintiff’s petition for garnishment and to the rule to show cause why garnishment should not issue against the wages of the defendant, in which answer he alleged that the sale of the property was null and void in that it was not duly and properly advertised fqr sale according to law, and further, that even if the Judicial sale was valid it was without benefit of appraisement and that accordingly under the Deficiency Judgment Act, Revised Statutes Title 13, Section 4106, the plaintiff is precluded from further recovery since said sale as alleged was without benefit of appraisement.
“The matter came on to he heard and at the time of the trial it was proven by the plaintiff that the property which was sold was a movable and was advertised three times over a period of fourteen clear days.- The law, .of course, provides that for the sale of a movable it shall be advertised three times over a period of ten clear days, and I am, therefore, of the opinion that the defendant’s contention that the property was. not sufficiently advertised was without avail.
“It now becomes necessary to determine whether, or not the refrigerator was sold without benefit of ap-praisement. On the trial of the matter it was shown that the defendant herein had full knowledge of the seizure, as well as knowledge of the notice of sale. Further, he was notified, of the appointment of an appraiser, and since he failed to avail himself of the provisions of law and appoint an appraiser, then the Sheriff’s Office of the Parish of Washington appointed.an appraiser for him, which said office had the right to do under the law. This appraiser appointed by the Sheriff’s office, .together-with another appraiser named - by the plaintiff, went to the Courthouse in Franldinton on the date of the sale and took the oath of appraiser before the Chief Deputy Sheriff of Washington Parish. The testimony of the Chief Deputy shows that he had them raise their right hand and take the oath, and this was .confirmed by them. After taking the oath as above described, the appraisers, Messrs. Fuhr-mann and Cantrell, then signed an oath which was drafted for them by the Deputy Sheriff. The Deputy Sheriff failed to attest that they had signed the oath in his presence; it seems after signing the oath the two appraisers then without turning aside appraised the property, signing their names for the oath and the appraisal at one and the same time. It is accordingly contended by Counsel for the defendant that since Article 675 of the Code of Practice provides that when the appraisers have been named and sworn, they shall proceed together to appraise the property, and as they were apparently sworn and made the appraisal at one and the same time, the appraisal was not legal and consequently there was really no sale with benefit of appraisal.
“It is true that Article 673 of the Code of Practice provides that before proceeding to make an appraisement the appraisers shall take the oath, but here they did actually take the oath prior to proceeding to make the appraisal, for on the one hand they took the oath before the Deputy Sheriff, and on the,other hand, they, signed their name at the top of the page on the sheet of paper marked ‘D-l’ in the record, before proceeding to sign their names for the appraisal at the bottom of said page. I think the argument of Counsel for the Defendant is entirely too technical in this respect and I am of the opinion that the appraisers took the oath before they made the appraisal.
*885 “Defendant further complains that the sheet of paper marked ‘D-l’ (the oath and appraisement) shows that the Sheriff ■ failed to attest the signatures of the two appraisers, and this is not in conformity with Article 673 of the Code of Practice that the oath shall be taken before the Sheriff of the Parish. Counsel for Defense, (plaintiff), however, actually proved by the Deputy Sheriff and the appraisers themselves that they were sworn and took the oath before the Sheriff in a verbal manner prior to signing the oath on the sheet of paper marked 'D-P. The Deputy Sheriff explained he simply overlooked signing the attest to the signatures on the sheet of paper marked ‘D-P, and to my mind this is unimportant, for the reason that the appraisers had already taken, the ■oath verbally, and too, I do not consider an oversight of the Sheriff to sign the attest of the signatures as constituting such an irregularity as to make the sale one without benefit of ap-praisement.
“Defendant further complains that the refrigerator that was sold was never at the Courthouse in Franklinton, the Parish seat, priorato the sale and that the appraisers did not actually see said refrigerator which they appraised and which was subsequently sold under said appraisement. He thus argues that while he knows of no express law that requires an appraiser to actually view the article appraised by him, yet it is such an irregularity as to constitute fio legal ap-praisement whatsoever.
“The two appraisers' testified at length that they took into consideration the age of the refrigerator, the amount of the original purchase price and the fact that it was in good condition when-they -made the appraisal, and I believe from a reading 6f the entire testimony in this record, together with the purchase price of the refrigerator, that the appraisal of $150.00 for said refrigerator was fair and'just.
“I might add that [LSA-] Revised Statutes Title 13, Section 4106, ‘ provides that the creditor cannot proceed for any deficiency when the property has been sold without benefit of ap-praisement.- While it might be, true that under the Deficiency Judgment Act, [LSA-] ■ Revised Statutes, Title 13, Section 4106, that where the Court is convinced that the judgment creditor has tried to circumvent the law and ■ causes an unfair and unjust appraisement of the property to be made, it should hold that the sale was without benefit of appraisement,, yet, on the other hand, where there has been a substantial compliance with the law ■ in regard to the appraisement and a just and fair appraisement has been made, as in this case then certainly the court should not hold that the sale was without benefit of appraisement for highly .technical reasons, as presented in this case.
“Accordingly, for the above and foregoing reasons, the rule to show cause herein will be made absolute and the garnishment proceedings heretofore taken against the defendant’s employer will be recognized; defendant to pay the costs herein.”
The only contention of defendant which is not covered by the judgment below is that “the appraisal figure has been tempered with, having been changed from $200.00 to $150.00.” This contention appears to us to be without merit for the reason that the appraisers testified under oath that the true appraisement was the sum of $150, that the correction shown on thq face' of the appraisement was made by them at the time of the appraisement.
For these reasons assigned, the judgment appealed from is affirmed, costs to be paid by'the defendant.