REID, Judge.
The two defendants herein, Mrs. Josephine Causey and P. J. Causey purchased a 1958 Chevrolet Del-Ray automobile from the plaintiff on December 5, 1957 for the sum of $2814.00, plus the license and sales tax. They were allowed a credit of $910.00 on a 1955 Chevrolet which was traded in and they signed a note for $2628.36 covering the deferred installments plus the finance charges, insurance and so forth. This note was secured by a chattel mortgage on the automobile which they purchased.
Defendants having failed to pay the deferred installments on the chattel mortgage note Bill Garrett Chevrolet, Inc., brought this suit for a foreclosure via ordinaria and in due course obtained a judgment against both defendants in the amount of the note plus 25% attorney’s fees and interest and court costs with maintenance of a sequestration and reformation of its vendor’s lien and privilege on the said automobile and ordering a sale thereof.
Personal service of the citation and petition was made on Mrs. Josephine Causey and domiciliary service on P. J. Causey through Mrs. Causey on January 31, 1958. Notice of seizure and writ of sequestration was served in similar manner on January 31, and February 1, 1958. Judgment was rendered and signed on March 21, 1958 and subsequently a writ of fieri facias was issued and a notice of seizure was served on April 10, 1958 personal on Mrs. Causey and domiciliary on her husband, said sale to be made with appraisal.
On the morning of the sale an appraisal was made by two deputy sheriffs and the subject automobile was sold on May 7, 1958 to the plaintiff for $1000.00 being two-thirds of the appraised value.
*87 No appeal was taken from the original judgment and no attempt to enjoin the sale for any illegality was made. No notice of judgment was ever served on P. J. Causey and it was not necessary to serve one on Mrs. Causey as she had been served personally. On May 11, 1966 notice of judgment was served on P. J. Causey through Ernest Smallgood (stated to be P. J. Causey’s brother-in-law). Subsequently a notice of seizure under a Fi. Fa. was issued on September 7, and the property was advertised by the Sheriff to be sold on November 16, 1966.
The defendants herein filed a petition for an injunction and for damages for improper seizure against the plaintiff on October 27, 1966. A temporary restraining order was duly issued on November 14, 1966 and the matter was set for hearing on the rule for preliminary injunction on November 21, 1966. Counsel stipulated that the demand for permanent injunction be tried at the same time as the rule for preliminary injunction. The matter was duly tried and submitted and the Lower Court rendered a judgment dismissing the rule for preliminary injunction and denying a writ of permanent injunction which judgment was signed on November 30, 1966. The defendants herein have appealed from this judgment to this Court.
The appellant in his Brief complains of the following errors to-wit:
“1. Failure to serve notice of judgment.
2. Invalidity of writ of Fieri Facias.
3. Invalidity of appraisal.
4. Deficiency not permitted without legal appraisal.
5. Refusal to grant injunction.”
There is no question but what the notice of judgment on P. J. Causey was not served prior to the seizure and sale of the automobile under the writ of fieri facias, however, the defendant Causey made no attempt to enjoin the sale, nor did he take any suspensive appeal from this judgment.
Before the writ of Fi. Fa. was issued under which the home of the defendants was seized, a notice of judgment was served upon P. J. Causey. Thus at the time of the seizure of the Causey home on September 7, 1966 the judgment had become final by reason of the service of this notice of judgment.
With regard to a deficiency judgment not being obtainable in the absence of valid appraisal, the record shows that an appraisal was made of this car by two deputy sheriffs for the sum of $1500.00.
The record discloses that the two appraisers signed the appraisal blank appraising the property at $1500.00 on May 7, 1958, the date of the sale. While this blank does not contain the title and number of the suit, nor the description of the property it is the testimony of the deputy sheriff that the mortgage certificate was with the appraisal blank and the two deputies were thoroughly familiar with the suit and defendants whose property they were appraising and they knew exactly what they were doing. It is true that they used the NADA blue book in arriving at their value but our Courts have sustained this method of appraisal.
This Court held in M. Marx Sons v. Cooper, La.App., 63 So.2d 883 as follows:
“ * * * While it might be true that under the Deficiency Judgment Act (LSA-1) Revised Statutes, Title 13, Section 4106, that where the Court is convinced that the judgment creditor has tried to circumvent the law and causes an unfair and unjust appraisement of the property to be made, it should hold that the sale was without benefit of appraisement, yet, on the other hand, where there has been a substantial compliance with the law in regard to the appraisement and a just and fair appraisement has been made, as in this case, then certainly the court should not hold that the sale was without benefit of appraisement for highly technical reasons, as presented in this case.”
*88 The case of Plauche-Locke Securities, Inc. v. Johnson, La.App., 187 So.2d 178 decided by our Brothers of the Third Circuit is likewise in point. In that case one of the appraisers had never seen the vehicle to be sold and both appraisers used the NADA blue book value. The two deputy sheriffs who made the appraisal in the case at Bar were experienced deputies of many years standing and had made numerous appraisals of cars which were sold at Sheriff’s Sale. We, therefore, are of the opinion that there was a substantial compliance with the law in regard to the appraisement of the car in question.
Defendants argue that the judgment was invalid because no notice of judgment was served on the defendant Causey. Most of the cases cited are instances where the automobiles or personal property were sold under executory process. In the instant case the property was sold under a judgment of Court recognizing the mortgage and lien and privilege of the property to be sold with appraisement. While the execution on the judgment might have been premature because no notice of judgment was served on P. J. Causey still there was no objection to the sale and the sale took place under all the forms prescribed by law, that is, a sale with appraisement after due advertisement.
There is no question but that the judgment is now ripe for execution because of the service of the notice of judgment upon the defendant P. J. Causey. Since there was a sale with appraisement of the property without objection by the defendant we feel that there was a substantial compliance with the law and are of the opinion that the ruling of the Trial Judge was correct.
We, therefore, affirm the judgment of the Lower Court, the costs to be borne by the appellant.
Affirmed.