246 So.2d 335 (1971)
ASSOCIATES DISCOUNT CORPORATION
v.
M. R. BANKSTON and Johnnie O. Bankston.
No. 8233.
Court of Appeal of Louisiana, First Circuit.
March 15, 1971.
Rehearing Denied April 19, 1971.
Writ Refused May 24, 1971.
*336 France W. Watts, III of Watts & Watts, Franklinton, for appellant.
Robert A. Hawthorne, Jr., of Sanders, Miller, Downing & Kean, Baton Rouge, for appellees.
Before LANDRY, ELLIS and BLANCHE, JJ.
BLANCHE, Judge.
This is an appeal by defendants from a deficiency judgment rendered against them and in favor of plaintiff in a suit on a note secured by chattel mortgage on a motor vehicle. On September 19, 1966, plaintiff in a separate suit instituted an executory proceeding against defendants foreclosing on the note and chattel mortgage and having the vehicle seized and sold with appraisement. On June 20, 1968, plaintiff instituted this suit for a deficiency judgment against defendants for the balance owed after giving defendants credit for the *337 sum realized from the seizure and sale. Defendants answered the suit asserting (1) that the chattel mortgage securing the note was not duly executed by the defendants-mortgagors in the presence of witnesses, which defense defendants could properly assert against plaintiff, (2) that the vehicle contained redhibitory vices and defects, which defense defendants could properly assert against plaintiff, and (3) that the mortgaged property was not sold with benefit of a lawful appraisement, thereby precluding plaintiff's right to seek a deficiency judgment. The trial court rendered judgment in favor of plaintiff and against defendants as prayed for, rejecting all defenses. We affirm.
The trial court rendered Written Reasons for Judgment disposing of the defenses proffered in the following manner:
"Several defenses were raised to the suit for a deficiency judgment. The first of these is that the chattel mortgage upon which the executory proceeding was based was not an authentic act because it was not executed in the presence of the witnesses who subscribed the same before the Notary Public. The Court does not believe that this contention has any merit. In the first place, the Court is convinced from the evidence that the plaintiff is a holder in due course of the note and chattel mortgage sued upon and that when they received the note and chattel mortgage, it was valid on its face. Therefore, the defense raised hereby by defendants cannot properly be asserted against a holder in due course.
"In any event, the Court is convinced that there is not sufficient evidence in the record to show that the chattel mortgage was not properly executed since the only evidence concerning such alleged facts is testimony of defendants themselves. Their testimony is not sufficient to overcome the presumption of the validity of the act on its face.
"Secondly, the defendants assert that there were rehibitory [sic] vices in the truck for which the plaintiffs executed the note which forms the basis of this suit. It is extremely questionable in the Court's mind that such vices could be raised against the plaintiff, who is a holder in due course. In any event, the testimony is completely inadequate to show that there were rehibitory [sic] vices in the truck at the time of the sale. Therefore, this contention of defendants is also without merit.
"The defendants also contend that the truck was sold without benefit of appraisal, and therefore no deficiency judgment can be taken. The basis of this assertion is the fact that the property was appraised by two deputies in the Sheriff's Office and the defendants claim that neither of the deputies were qualified appraisers, that neither of them viewed the truck and they actually appraised the property in the amount requested of them by the plaintiff. The Court is convinced that the two appraisers possessed the necessary knowledge required by law to be competent appraisers. One of them had appraised property for fifteen years and the other for three years. The Court does not know whether they viewed the truck which they appraised; nor does the Court know the mental process by which they reached their appraised value, and would even assume that they might have fixed the value as recommended to them by the plaintiff. However, there has been no allegation that the appraised value actually given was not a just valuation of the property sold. There is not a particle of proof in the record to show that the value of the truck when appraised was not the value actually placed upon the truck by the two appraisers. In the absence of proof that the appraisal actually made was unjust and unfair, the Court believes that there was substantial compliance with the law and that the sale should not be invalidated on account of the appraisers. M. Marx Sons v. *338 Cooper [La.App.] 63 So.2d 883." (Written Reasons for Judgment, Record, pp. 50-52)
For specifications of error, defendants assert the same defenses rejected by the trial court and contend that the trial court erred in so doing.
We are satisfied that the first two enumerated defenses are without merit insofar as plaintiff is concerned, for the evidence preponderates in favor of the conclusion that plaintiff is a holder in due course and the instruments in question were complete and regular on their face at the time of negotiation to plaintiff. Plaintiff in this case is deemed to be a holder in due course, LSA-R.S. 7:59, and further fills all requirements of due course holding as prescribed by the Louisiana Negotiable Instruments Law, LSA-R.S. 7:52. The instruments in question were complete and regular upon their face, were negotiated to plaintiff before maturity, were taken by plaintiff in good faith and for value, and at the time of the negotiation plaintiff had no notice of any infirmity in the instruments or defect in the title of the person negotiating same. The record utterly fails to preponderate in favor of the contention that the plaintiff had actual knowledge of any infirmity or defect or knowledge of such facts that plaintiff's action in taking the instruments amounted to bad faith, LSA-R.S. 7:56.
Moreover, in accordance with LSA-R.S. 13:3720 plaintiff under these circumstances was justified in assuming the chattel mortgage paraphed for identification with the note sued on was valid, there being no patent defect at the time of the negotiation.[1]
The case of League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968), cited by defendants-appellants is factually inapposite to the instant case for the reason that the instrument there in question was defective on its face as lacking the requisite witnesses and being acknowledged by the agent of the mortgagee. Indeed, the instrument in question in League Central Credit Union v. Montgomery, cited supra, would not enjoy the presumption of validity accorded by LSA-R.S. 13:3720.
Similarly, the alleged claim in redhibition cannot properly be raised by defendants-appellants against plaintiff, for the reason that this claim constitutes a personal defense properly assertible only against the seller as an obligation in warranty arising from the contract of sale. Failure of consideration, which is what a claim in redhibition amounts to, is not a defense properly assertible against a holder in due course, such as plaintiff herein, LSA-R.S. 7:28. The cases of Bickham Motors, Inc., v. Crain, 185 So.2d 271 (La. App. 1st Cir. 1966), and Leson Chevrolet Company v. Barbier, 173 So.2d 50 (La.App. 4th Cir. 1965), relied on by defendants-appellants, are not applicable to the instant case, since in both of these cited cases the defendant was permitted to urge the defense of redhibition (failure of consideration) only because the plaintiff was the original seller-mortgagee-payee of the note and not a holder in due course.
*339 It is clear that defendants in a suit for a deficiency judgment are not precluded from offering in opposition thereto the alleged invalidity of the sale pursuant to an executory proceeding, even though defendants made no effort to enjoin the sale or did not take a suspensive appeal, League Central Credit Union v. Montgomery, cited supra; Gumina v. Dupas, 159 So.2d 377 (La.App. 4th Cir. 1964); Tapp v. Guaranty Finance Company, 158 So.2d 228 (La. App. 1st Cir. 1963), writs refused, 245 La. 640, 641, 160 So.2d 228.
It is also clear, however, that a judicial sale, apparently valid on its face is presumed to have been conducted in accordance with law, and he who asserts the contrary bears the burden of so proving. Accordingly, when a defendant in a suit for a deficiency judgment asserts the invalidity of the sale by executory process due to a lack of qualifications of the appraisers for such sale, the burden rests upon the defendant to prove such lack of qualifications, Consolidation Loans, Inc., v. Guercio, 200 So.2d 717 (La.App. 1st Cir. 1966). We are satisfied from our review of the record that the trial court committed no manifest error in concluding that defendants-appellants failed to carry this requisite burden of proof.
This Court recently summarized the law applicable to the issue here presented in Bill Garrett Chevrolet, Inc., v. Causey, 210 So.2d 86 (La.App. 1st Cir. 1968), as follows:
"This Court held in M. Marx Sons v. Cooper, La.App., 63 So.2d 883 as follows:
"`* * * while it might be true that under the Deficiency Judgment Act (LSA-1) Revised Statutes, Title 13, Section 4106, that where the Court is convinced that the judgment creditor has tried to circumvent the law and causes an unfair and unjust appraisement of the property to be made, it should hold that the sale was without benefit of appraisement, yet, on the other hand, where there has been a substantial compliance with the law in regard to the appraisement and a just and fair appraisement has been made, as in this case, then certainly the court should not hold that the sale was without benefit of appraisement for highly technical reasons, as presented in this case.'
"The case of Plauche-Locke Securities, Inc. v. Johnson, La.App., 187 So.2d 178 decided by our Brothers of the Third Circuit is likewise in point. In that case one of the appraisers had never seen the vehicle to be sold and both appraisers used the NADA blue book value. The two deputy sheriffs who made the appraisal in the case at Bar were experienced deputies of many years standing and had made numerous appraisals of cars which were sold at Sheriff's Sale. We, therefore, are of the opinion that there was a substantial compliance with the law in regard to the appraisement of the car in question." (Bill Garrett Chevrolet, Inc., v. Causey, 210 So.2d 86, 87, 88 [La.App. 1st Cir. 1968])
Defendants were unable to show to the satisfaction of the trial court that both appraisers lacked the requisite qualifications and that there was not substantial compliance with the law in regard to appraisement of the motor vehicle in question. On reviewing the entire record in this matter, this Court is satisfied that the trial court committed no manifest error in concluding that defendants failed to carry the burden of proof incumbent upon them to show the invalidity of the sale under executory process or that the sale was without benefit of appraisement so as to preclude plaintiff's right to a deficiency judgment.
For the foregoing reasons, the judgment appealed from is affirmed, with all costs assessed to defendants-appellants.
Affirmed.
NOTES
[1] R.S. 13:3720 provides, inter alia, the following:

"Any deed, counter letter, power of attorney, declaration, contract, or other instrument, under private signature, purporting to be attested by two or more witnesses and accompanied by an affidavit of the vendor or grantor that the same was signed or executed by him, or by an affidavit of one or more such witnesses, made at or after the signing and execution of such deed, counter letter, or other instrument, and setting forth substantially that the instrument was signed or executed by the party or parties thereto in the presence of the affiant or affiants, shall be deemed, taken and accepted, prima facie, and without further proof, as being true and genuine, and shall be so received and accepted in evidence in the courts of Louisiana, without further proof."