277 So.2d 504 (1973)
Homer H. STOCKMAN et al., Plaintiff-Appellant,
v.
MONEY, INC. and Hem Enterprises, Inc., Defendants-Appellees.
No. 9212.
Court of Appeal of Louisiana, First Circuit.
April 9, 1973.
Rehearing Denied May 29, 1973.
*505 Homer H. Stockman, in pro. per.
William J. Jones, Jr., Barranger, Barranger, Jones & Fussell, Covington, I. Jay Krieger, Krieger, Krieger & Tracy, New Orleans, for defendants-appellees.
Before SARTAIN, BLANCHE and WATSON, JJ.
SARTAIN, Judge.
This is a suit to set aside an executory process mortgage foreclosure sale of a tract of land containing approximately twenty-seven acres in St. Tammany Parish. Plaintiff's original petition alleged irregularities in the appraisal and sale of the subject property which occurred on March 12, 1969. Motions for summary judgment were filed by the defendants to which Mr. Stockman, acting as his own counsel, replied with what he termed an "answer" alleging fraud and ill practices in the Sheriff's sale. The trial court, construing the so-called "answer" in its broadest terms and most favorably to plaintiff, considered it as an amended petition and overruled the motions for summary judgment. After trial on the merits judgment was rendered in favor of defendants holding the appraisal, advertisement, and Sheriff's sale valid and rejecting plaintiffs' claims of fraud and ill practices. We affirm.
Plaintiff alleges error on the part of the trial court in holding the appraisal procedure and sale valid and asserts that the Sheriff's sale should be declared null and void.
The record shows that defendant, Money, Inc., instituted executory process proceedings against plaintiff, Homer H. Stockman, and his sister, Mrs. Dorothea Stockman Byrnes, for an indebtedness of $49,600.00 evidenced by a note identified *506 with a mortgage on the property here in question. A writ of seizure and sale was issued by the Civil District Court for the Parish of Orleans directing the Sheriff of St. Tammany Parish to seize and sell the subject property with appraisement.
Both Money, Inc. and Homer Stockman submitted appraisals of the property before the sale, the creditor submitting an appraisal of $60,000.00, and the debtor submitting an appraisal of $103,000.00. Having received these two divergent appraisals the Sheriff of St. Tammany Parish appointed Captain Logan Badon, a deputy sheriff, to appraise the property. He submitted an appraisal of $75,000.00.
After bidding, the sale took place on March 12, 1969, at 10:00 A.M. and the property was sold to Money, Inc. for $56,600.00, which amount was more than two-thirds of Captain Badon's appraised value. On the same day an agreement to purchase and sell the subject property was entered into between Money, Inc. and a Mr. Henry Hanneman and a Mr. Henry J. Miltenburger. On April 22, 1969, Hanneman and Miltenburger formed HEM Enterprises, Inc. and on April 24, 1969, Money, Inc. sold the property to HEM Enterprises, Inc.
Plaintiff's principal contention in brief before this court is that the provisions of L.R.S. 13:4353; 13:4363; and 13:4365 were not followed in making the appraisal of the property prior to the Sheriff's sale.
It is clear that a judicial sale, apparently valid on its face is presumed to have been conducted in accordance with law and one seeking to attack the sale bears the burden of proving the contrary. Associates Discount Corporation v. Bankston, 246 So.2d 335 (1st La.App.1971) writ refused 258 La. 765, 247 So.2d 864 (1971). It is equally clear that if the Sheriff's return shows that the property was sold after appraisement, then it will be presumed that there was a legal appraisement, unless the contrary be proved. Jones v. Alford, 172 So. 213 (2d La.App.1937). L.R.S. 13:4363 provides in pertinent part:
"A. Not less than three days, exclusive of holidays, before the sale of the seized property, the sheriff shall serve a written notice on the debtor and on the seizing creditor, in the manner provided for the service of citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least twenty-four hours prior to the time of the sale.
* * *"
L.R.S. 13:4365 provides in pertinent part:
"The appraisers shall take an oath to make a true and just appraisement of the property.
If the appraiser cannot agree, the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.
* * *"
Captain Logan Badon testified that around 9:00 A.M. on the morning of March 11, 1969, plaintiff's appraiser, Mr. Frank J. Patecek, called the Sheriff's office and notified him that an appraisal had been completed and the amount at which the property was appraised. This appraisal was actually filed later that afternoon. Plaintiff called the Sheriff's office shortly before 10:00 A.M. and was told that no notification had yet been received from Money, Inc. Captain Badon further testified that immediately after talking to Mr. Stockman he received a call from Mr. I. Jay Krieger, the creditor's attorney, notifying him of an appraisal by a Mr. Samuel Katz on behalf of Money, Inc. valuing the property at $60,000.00. This Katz appraisal was not filed in writing until the day of the sale. At this juncture it became apparent that the appraisals of the debtor and creditor were widely divergent and Captain Badon was appointed by the Sheriff in accordance with the provisions of L.R.S. 13:4365 to make an appraisal.
*507 Plaintiff asserts that since the Katz appraisal was not filed with the sheriff twenty-four hours before the sale, but was actually filed on the day of the sale, then the appointment of Captain Badon was improper and the sale based on his appraisal was illegal. It is also argued that Captain Badon was not a qualified appraiser and his appraisal should not have been considered at the sale.
In passing on these contentions, we first note that L.R.S. 13:4363, quoted above, requires only that the sheriff be notified of the appointment of appraisers by the creditor and debtor at least twenty-four hours before the sale. We are impressed by the testimony of Captain Badon to the effect that he was notified by Mr. Patecek and Mr. Krieger of the appointment of appraisers and the amount of the appraisals for the debtor and creditor by phone apparently prior to twenty-four hours before the sale. The statutory provision does not appear to require that this notification be filed in writing nor have we discovered anything in our jurisprudence which would require written notification. Additionally, it is apparent from the evidence in the record that Patecek, Katz and Captain Badon all complied with the remaining provisions of L.R.S. 13:4365 relating to the signing of the oath and the submission of their completed appraisals in writing.
Even if we were to hold that the notifications were not received prior to twenty-four hours before the sale, we do not feel that this would amount to a defect such as would strike this Sheriff's sale with nullity under the facts presented by this case. In M. Marx Sons v. Cooper, 63 So.2d 883 (1st La.App.1953) a Sheriff's sale was attacked on grounds that the appraisers signed their oaths and appraisals at the same time without turning aside and on the grounds that the sheriff failed to attest the signatures of the appraisers on their oaths. In upholding the validity of the appraisals it was stated that:
". . . where there has been a substantial compliance with the law in regard to the appraisement and a just and fair appraisement has been made, as in this case then certainly the court should not hold that the sale was without benefit of appraisement for highly technical reasons, as presented in this case." (63 So.2d at 885)
See also: Plauche-Locke Securities, Inc. v. Johnson, 187 So.2d 178 (3rd La.App.1966).
As to the assertion that Captain Badon was not a qualified appraiser, there is testimony in the record which establishes that Captain Badon had appraised more than one hundred fifty pieces of property during his eight years with the St. Tammany Sheriff's Office. Captain Badon testified that he went on this particular piece of property twice on the day before the sale and that he was familiar with several surrounding sales in that area. It has been held that deputy sheriffs may qualify and act as appraisers at judicial sales. Bill Garrett Chevrolet, Inc. v. Causey, 210 So. 2d 86 (1st La.App.1968); Associates Discount Corporation v. Bankston, supra.
There is additional support for the appraisal made by Captain Badon to be found in the independent appraisal of the subject property made by Mr. Robert Berlin about three weeks prior to the trial of this case. Mr. Berlin, a professional appraiser and surveyor, appraised the subject tract at $74,500.00. This appraisal, introduced at trial and made a part of the record in this case, was based on twelve comparables in the area and shows an exhaustive analysis of the subject property and the comparables. It is significant to note that Berlin's figure is only $500.00 less than the appraisal submitted by Captain Badon.
Under the circumstances of this case the burden was upon the plaintiff to show Captain Badon's lack of qualifications if he were indeed unqualified. Consolidation Loans, Inc. v. Guercio, 200 So. 2d 717 (1st La.App.1967); Jones v. Alford, supra. This burden the plaintiff has failed to carry and thus we hold that Captain Badon was qualified to act as an appraiser of the subject property.
*508 Plaintiff argues in brief that the submission and acceptance of the above mentioned appraisals constituted collusion in violation of law which should render the sale null. It has been held that in the absence of clear proof of fraud or unfairness it is a reasonable presumption that public officers have performed their duties lawfully in connection with judicial sales. Erwin v. Chaffe, 51 La.Ann. 41, 24 So. 596, 600 (1898). We find nothing in the record before us to substantiate any charge of fraud or collusion by the sheriff or any of his officers in connection with the appraisement and sale of the subject property. Therefore, we find that the trial court was correct in holding the appraisal procedure and sale valid.
Plaintiff also alleges fraud and collusion between Money, Inc. and HEM Enterprises, Inc. in connection with the agreement to sell and the subsequent sale of the property to HEM Enterprises, Inc. by Money, Inc. In passing upon this issue in his written reasons for judgment the judge a quo stated:
"There is absolutely no evidence of fraud and ill practices. The evidence shows that HEM Enterprises, Inc. was a corporation which had no connection with Money, Inc. and the transaction between them was an arms length sale absent any collusion, made in good faith."
Our examination of the evidence shows that none of the directors or incorporators of either corporation is common to the other and that the sale of the subject property to HEM Enterprises, Inc. was confected and carried out in the usual and customary manner with Money, Inc. receiving the sale price in cash. Mr. Henry Hannemann, one of the officers of HEM Enterprises, Inc., testified that HEM Enterprises, Inc. is actively engaged in the real estate business and has acquired numerous other tracts of land in addition to the Stockman property.
Therefore, we affirm the holding of the trial court that no fraud, collusion, or ill practices have been shown in connection with the transactions between Money, Inc. and HEM Enterprises, Inc. with respect to the subject property.
Plaintiff asserted at trial that the Sheriff's act of sale failed to comply with the requirements of L.R.S. 13:4353 which provides as follows:
"§ 4353. Recitals of sheriff's act of sale
"The sheriff's act of sale of property sold at judicial sale shall mention:
(1) The writ by virtue of which the property was seized and sold;
(2) The title and docket number of the action or proceeding in which the writ was issued, and the court which issued it;
(3) The names and surnames of the plaintiff, defendant, and purchaser at the sheriff's sale;
(4) A description of the property sold, and the price for which and conditions under which it was adjudicated;
(5) The manner in which the purchaser paid the price of the adjudication, or bound himself to pay it; and
(6) The amount of the privileges and mortgages with which the property sold was encumbered, and which were made known at the time of the sale.
This act shall conclude with the recital of the sale and transfer by the sheriff to the purchaser of all of the rights which the former owner had in the property sold."
Plaintiff argues that the Sheriff's Act of Sale recites that the writ of seizure and sale was issued by the "Twenty-Second Judicial District Court in and for the Parish of St. Tammany" whereas the writ was actually issued by the Civil District Court for the Parish of Orleans. It is obvious that this was a mere clerical error and under the plain provisions of L.R.S. 13:4354 does not affect the validity of the judicial sale by the sheriff.
Therefore, for the above reasons the judgment of the District Court is affirmed at appellant's cost.
Affirmed.