GULOTTA, Judge.
Plaintiff appeals from a judgment dismissing its claim for deficiency judgment and from a judgment in favor of defendant based on a reconventional demand for the illegal seizure and sale by executory process of defendant’s mortgaged automobile. Defendant also appeals. His appeal strikes at the inadequacy of the amount of the judgment in reconvention and particularly on the failure of the trial judge to include attorney’s fees in the award in re-convention.
Executory process was obtained in the Parish of Jefferson where the automobile was located and where defendant lived at the time of the purchase of the vehicle. In the executory process proceeding a curator ad hoc was appointed to represent defendant based on plaintiff’s allegations that Hosen was a non-resident and that he could not be found after a due and diligent search. The claim for deficiency judgment was filed in the Parish of Orleans. In dismissing plaintiff’s claim for deficiency judgment, the Orleans Parish trial judge found that proper notice of seizure and sale was not served upon the debtor in the executory process proceeding as required under LSA-C.C.P. art. 2721.[1] The trial judge concluded that the appointment of a curator ad hoc to represent the “absentee” was not properly made since a diligent search was not conducted to ascertain the whereabouts of defendant, and representations made by plaintiff that defendant could not be found and was a non-resident of the state were erroneous. See LSA-C. C.P. art. 5251.[2]
Counsel for the piaintiff bank admits that the allegation that defendant was a non-resident was in error. The issue, then, raised on the merits is whether a diligent effort was made to ascertain the whereabouts of defendant necessitating the appointment of a curator ad hoc. However, we do not reach the merits of this matter because we are confronted with a procedural problem, i. e., whether jurisdiction was vested in the Civil District Court for the Parish of Orleans to consider a claim for deficiency judgment when the defense to the claim was the illegality of the notice of seizure and sale in the executory process proceeding, and whether the Civil District Court had jurisdiction to award dam *242 ages for wrongful seizure growing out of those executory process proceedings in the 24th Judicial District Court for the Parish of Jefferson.
Defendant, while seeking damages in re-convention for wrongful seizure and sale, does not attack the executory process proceeding, but asserts the illegality of the appointment of a curator ad hoc as a defense to the deficiency judgment. Nevertheless, a determination of whether or not plaintiff is entitled to deficiency judgment and whether plaintiff in reconvention is entitled to damages for wrongful seizure is inherently based upon a determination of the validity of the executory process proceeding.
We are aware of that line of jurisprudence as reflected by Associates Discount Corporation v. Bankston, 246 So.2d 335 (La.App., 1st Cir. 1971), writ refused, 258 La. 765, 247 So.2d 864 (1971), which permits an opposition to a claim for deficiency judgment based on the invalidity of the executory process proceeding. However, in Associates Discount Corporation v. Bankston, supra, the court apparently did not have the venue problem posed in the instant case.
Our situation is similar to the problem confronting the court in Licoho Enterprises, Inc. v. Succession of Champagne, La., 283 So.2d 217 (1973), in a case where a judgment was obtained against the decedent in Orleans Parish on a note and a subsequent suit was filed in New Iberia Parish to include the judgment on the note on the tableau of distribution of the judgment debtor in New Iberia where the succession was opened. In the opposition to the claim in New Iberia, the executrix raised the defense that the judgment in the Orleans Parish court (a default judgment) was obtained by fraud and ill practice, although she had already filed a suit for nullity of judgment in Orleans Parish. The Supreme Court in Licoho concluded that the judgment of the Orleans Parish court could not be collaterally attacked in the New Iberia court on the basis of fraud and ill practice. The Supreme Court relied on LSA-C.C.P. art. 2006 which states:
“An action to annul a judgment must be brought in the trial court, even though the judgment sought to be annulled may have been affirmed on appeal, or even rendered by the appellate court.” (italicize ours)
LSA-C.C.P. art. 44 indicates that the requirement set forth in LSA-C.C.P. art. 2006 is non-waiverable. The Licoho court concluded that the main demand asking that the judgment on the note against the decedent be included on the list of debts of the succession in New Iberia be severed from the reconventional demand asserting the nullity of the judgment on the note. The court further stated the reconventional demand ordinarily would be transferred to Orleans Parish for hearing while the main demand would be stayed in New Iberia until a determination was made by the Civil District Court on the nullity of the judgment in Orleans Parish. However, the Supreme Court said in Licoho that since the issue of the nullity of the Orleans Parish court judgment has been raised by a petition for nullity by the executrix in Orleans Parish, no need existed in that particular case to transfer the reconventional demand from New Iberia to Orleans Parish. Presumably, under Licoho, when the nullity question is resolved in Orleans Parish, then the judgment in Orleans would be dis-positive of the issues in the reconventional demand filed in New Iberia. While the Licoho case does not involve an executory process proceeding,[3] the reasoning of Lico-ho is applicable to the instant case.
Applying the rationale of the Supreme Court in Licoho, we are compelled to set aside the judgment of the trial court. The *243 judgment dismissing the claim for deficiency judgment and awarding damages is set aside and rescinded. It is now ordered that plaintiff’s claim for deficiency judgment he severed from the reconventional demand for damages, and the demand in reconvention transferred to the 24th Judicial District Court for the Parish of Jefferson under the authority of LSA-C.C.P. art. 465 [4] and art. 121 [5] as stated by the Supreme Court in Licoho. The claim for deficiency judgment is stayed in Orleans Parish pending the determination of the reconventional demand based on the claim for wrongful seizure and sale in the execu-tory process proceeding.
Judgment set aside; plaintiff’s suit stayed; defendant’s reconventional demand transferred.

. “The sheriff shall seize the property affected by the mortgage or privilege immediately upon receiving the writ of seizure and sale, but not before the expiration of the delay allowed for payment in the demand required by Article 2639, unless this demand has been waived.
“The sheriff shall serve upon the defendant a written notice of the seizure of the property.”

. Except where the context clearly indicates otherwise, as used in this Code:
“(1) ‘Absentee’ means a person who is either a nonresident of this state, or a person who is domiciled in but has departed from this state, and who has not appointed an agent for the service of process in this state in the manner directed by law; or a person whose whereabouts are unknown, or who cannot be found and served after a diligent effort, though he may be domiciled or actually present in the state; or a person who may be dead, though the fact of his death is not known, and if dead his heirs are unknown.”

. See Reed v. Meaux, La., 292 So.2d 557 (1973) for discussion of executory process and nullity of judgment.

. “When the court is of the opinion that it would simplify the proceedings, would permit a more orderly disposition of the case, or would otherwise be in the interest of justice, at any time prior to trial, it may order a separate trial of cumulated actions, even if the cumulation is proper.”

. “When an action is brought in a court of improper venue, the court may dismiss the aetion, or in the interest of justice transfer it to a court of proper venue.”