MARVIN, Judge.
The Carricks suspensively appeal from a judgment dismissing their demands to enjoin executory process on the grounds that the evidence submitted to support executo-ry process was not “actually authentic.” CCP Art. 2753. We affirm.
The chattel mortgage and note on which executory process was sought show that they were signed by the Carricks before a notary and two witnesses by private act duly acknowledged by one of the witnesses. Facially, this evidence supports executory process. CCP Art. 2635. The notary and the two witnesses, along with the person who signed on behalf of the seller-mortgagee of the truck purchased by the Carricks, testified that the Carricks signed in their presence and as to where, when and how the mortgage and note were signed. The Carricks testified that one or more of the witnesses were not present when they sighed the note and mortgage and that executory process, therefore, should not lie. The note, payable to BEARER, and the mortgage, were sold by the seller-mortgagee, Mid-South Kenworth, Inc., to the plaintiff-finance company, Associates, who obtained the order for executory process.
The trial court correctly found Associates to be a holder in due course and not susceptible to the contention that the note and mortgage were not “actually authentic.” LRS 10:3-305. The note and mortgage are authentic on their face and we find that the Carricks have not met the strong burden imposed on them of showing that the note *1312 and mortgage were not executed as they show on their face and as the notary, two witnesses, and the mortgagee’s representative testified. See and compare Associates Discount Corporation v. Bankston, 246 So.2d 335 (La.App. 1st Cir.1971), writ refused.
The Carricks urge that we should reverse the trial court judgment and remand with directions that the trial court [rejconsider the credibility issue of who was present when the note and mortgage were executed, by admitting opinion evidence, and the results of polygraph tests given to the Carricks, by an expert polygrapher examiner. This evidence was not admitted and is contained in this record as an offer of proof. CCP Art. 1636. We do not interpret State v. Catanese, 368 So.2d 975 (La.1979) as appellants do and, in any event, we do not find that the trial court abused the discretion which appellants contend the trial court has under Catanese to admit and consider polygraph evidence.
For the detailed and excellent reasons given by the trial court, which we adopt and summarize, and at appellants’ cost, we AFFIRM the judgment.
SEXTON, J., dissents and assigns written reasons.