J. Bermudez, for the use of P. C. Wright, *v.* The Union Bank.

Sale of mortgage stock of the bank, bought by the bank. Sale sought to be set aside on the ground that the stock could not be sold apart from the real estate upon which it was secured. *By the Court:* We can see no good reason why the bank might not seize and sell any property of their debtor for the satisfaction of their debt. Certainly the objection is one which cannot be raised by the debtors, whose acts in the premises gave a sanction to the proceedings, and who are without interest in the enforcement of the supposed prohibition which they invoke.

The bank had a right to make purchases of this character under the provisions of the Act of 1843.

The objection that no legal notice of seizure was given cannot be urged by a party who appointed an appraiser, and was present at the sale.

APPEAL from the Fifth District Court of New Orleans, *Augustin,* J. *Durel,* for plaintiff and appellant. *Denis,* for defendant.

Lea, J. (Merrick, C. J., absent.) This suit is brought for the purpose of cancelling a judicial sale of 284 shares of the capital stock of the Union Bank, made under an execution issued at the suit of the bank, and at which the bank became the purchaser of its own stock.

The plaintiff, *Bermudez,* was the owner of the stock which was secured by mortgage upon certain real estate and slaves, which were his property; the stock was also pledged to the bank for the reimbursement of loans which he obtained upon it. As owner of the stock, the plaintiff borrowed, in accordance with the terms of the charter, certain other sums of money which were secured by mortgage upon the real estate and slaves above referred to. The property and stock thus encumbered was transferred successively to *Mrs. Emma Bermudez,* and from her to *P. C. Wright, Esq.,* for whose use this suit is apparently brought. This being the case, the bank, in virtue of a writ of *fieri facias,* issued against *J. Bermudez* after the sale to *Wright,* caused the stock to be seized and sold, and at the sale became the purchaser at $5 50 premium per share.

This sale is attacked as illegal, on the following grounds:

1st. That the stock could not, under the charter of the corporation, be sold separate and apart from the real estate upon which it was secured.

2d. That the bank could not become the purchaser of its own stock, thereby extinguishing the same, and diminishing the security for the payment of the State bonds issued to that institution.

3d. Because the writ did not authorize the seizure of the stock.

4th. That no notice of seizure was given, as required by law.

In the absence of any law to the contrary, we can see no good reason why the bank might not seize and sell any property of their debtor for the satisfaction of their debt; certainly the objection is one which cannot be raised by the debtors, whose acts in the premises gave a sanction to the proceeding, and who are without interest in the enforcement of the supposed prohibition which they invoke. Equally untenable is the objection that the bank could not purchase her own stock, and extinguish the same; such a sale could not be attacked upon such a ground by a party having no interest in the question; moreover, the provisions of the Act of 1843 expressly authorizes purchases of this character.

The objection that no notice of seizure was given, as required by law, cannot be urged with consistency by a party on whose behalf an appraiser was appointed, and who was himself present at the sale; moreover, the evidence shows conclusively that the plaintiff had knowledge of the seizure.

Under the circumstances, all informalities in the proceedings, if any such existed, must be considered as waived by the acts of the parties themselves.

It is ordered, that the judgment appealed from be affirmed, with costs.