WATSON, Judge.
On March 1, 1976, plaintiff, John Deere Industrial Equipment Company, filed a petition for executory process against Virgil Luther, defendant. The petition alleged that Luther was indebted unto John Deere for $25,073.42, 10% as attorney’s fees, and legal interest. Attached to and filed with the petition was a “time sale agreement”, which by its terms constituted a promissory note and chattel mortgage, reflecting Luther’s purchase from Michel Machinery Corporation, of a logskidder, identified as John Deere model JD540A, bearing serial number 195144. In the agreement, Luther also mortgaged to Michel Machinery Corporation or its assigns, another logskidder which was identified as John Deere model JD440, bearing serial number 109759.
The petition alleged that the time sale agreement was duly assigned by Michel Machinery Corporation to John Deere; that it contained an acceleration clause; that Luther had failed to pay the installments due; and that the chattel mortgage contained a pact de non alienando and a confession of judgment.
Finally, the petition alleged that plaintiff was entitled to executory process, and a writ of seizure was issued to the sheriff of Vernon Parish commanding the sale with appraisement of the JD540A logskidder. The Sheriff of Vernon Parish seized the skidder. John Deere appointed John Vel-selka as its appraiser and the Sheriff, acting upon the failure of Luther to appoint an appraiser, appointed M. J. Patton as the second appraiser. The skidder was appraised at $500 and was sold at public sale to defendant Luther on June 2, 1976, for $500.
According to Luther’s testimony, he repaired the broken axle and axle housing and now has the machine at work.
Subsequent to the sale in Vernon Parish, plaintiff discovered that a clerical error had been made in the description of the JD440 skidder, the machine mortgaged as additional security, which was, at the time of the Vernon Parish sale, being held under seizure by the Beauregard Parish sheriff.[1] An amended petition was filed on September 8, 1976, reciting discovery of the error and alleging that plaintiff desired to convert the executory proceeding into an ordinary proceeding and to proceed via ordina-ria.
Luther, in his answer, attacked the validity of the judicial sale of the JD540A skidder in Vernon Parish as being without valid appraisement. Luther alleged that the skidder was worth approximately $20,000 at the time of the sale but was erroneously appraised at $500; that the appraisers were patently unqualified; and that the skidder was not sold with benefit of appraisement. Luther asserted that the amended petition was an attempt to obtain a deficiency judgment following a judicial sale without ap-praisement, which plaintiff is not entitled to do.
On these pleadings, a hearing was held by the trial court. Plaintiff’s appraiser, John Velselka, testified that he is a supervisor of accounts for John Deere; that the correct contract balance was $25,073.42 and that he inspected the property prior to the appraisal. He testified that it was dismantled and that he evaluated it as scrap. Velselka admitted on cross-examination that he was not an expert on the mechanics of a skidder and that he did not know whether any parts were missing. His testimony apparently did not impress the trial court and we find no error in that court assigning it little weight.
Marshal Patton, the other appraiser, testified that he is the used car manager at the Ford dealership in Leesville. Patton inspected the equipment prior to sale and said that it was “tore up pretty bad”. (TR. 28) However, Patton admitted that he was not an expert concerning logskidders and did not claim to be qualified as an appraiser.
*763 W. R. Brantley testified that he is the Massey Ferguson trailer dealer in DeRid-der. He had not seen this particular log-skidder but stated that the accepted publication giving values of used equipment would place"the retail value of a JD540A skidder at $26,948 and the wholesale value at $20,874. He testified that a broken rear axle housing did not make a skidder scrap material.
Defendant Luther testified that he bought in the logskidder at the sheriffs sale and thereafter repaired it.[2] According to Luther, the only necessary repairs were the replacement of the rear axle housing and axle, the welding of the machine blade and the replacement of two tires; no engine or transmission work was required.
Cletus McCloud, who testified that he has been a logger and a logger supplier for some 17 years, qualified as an expert on the value of skidders. He had seen this particular skidder on more than one occasion, although he did not see it near the time of the sheriffs sale. His opinion was that the lowest value of the skidder would be $8,000 and the highest value would be $15,000.
After hearing the witnesses and considering the evidence, the trial court concluded that plaintiff was entitled only to a judgment “in rem” and a judgment was signed, dismissing John Deere’s demand for a money judgment against Luther, granting a judgment in rem against the JD440 skidder under seizure by the Beauregard Parish sheriff and casting John Deere for costs.
John Deere has appealed.
The issue is whether John Deere is entitled to a money judgment against Virgil Luther or whether there is some vice in the sale conducted by the Vernon Parish sheriff which prevents such a judgment.
There was a serious deficiency in the appraisal of the skidder prior to the sale. Even Velselka, the appraiser for John Deere, was not qualified to give a fair appraisal of the equipment. Marshal Patton, the appraiser appointed by the sheriff, was a used car expert but apparently knew nothing at all about logskidders. It is clear that the machinery appraised at $500 was worth at least several thousand. This court has recently declared that an appraisal must meet minimum standards of fairness to be valid. General Motors Acceptance Corp. v. Boutte, 338 So.2d 363 (La.App. 3 Cir. 1976). Also see: Ford Motor Credit Company v. Blackwell, 295 So.2d 522 (La. App. 4 Cir. 1974).
However, this particular sale presents the unusual circumstance that Luther, the defendant, was not only present at the sheriff’s sale but also bid in the skidder for the sum of $500. He now has and is using the skidder. Under his contentions as presented, he wants to set aside the validity of the appraisal while taking advantage of it to purchase the equipment at what he says was a low price. Long ago, our courts adopted the rule that one who is present or participates in a judicial sale cannot later complain of its defects. Bermudez v. Union Bank, 11 La.Ann. 64 (1856); Hayden v. Slaughter, 43 La.Ann. 385, 8 So. 919 (1891).
Having taken advantage of the low appraisal to buy in the property at a bargain price, Luther cannot now be heard to say that the appraisal was invalid. Absent a statutory provision which squarely controls this situation, equity demands that Luther not be allowed to buy the skidder for $500, several thousand dollars below its value, and also be relieved of his obligation on the note because of the low price. LSA-C.C. arts. 21 and 1965.
The plaintiff, John Deere, is entitled to a money judgment against Luther for the amount of the balance on the time sales agreement. There is no dispute as to the amount due. Plaintiff has converted the proceeding into an ordinary proceeding, and accordingly, the sale of the other skidder must take place according to law under ordinary proceedings.
Therefore, the judgment of the trial court dismissing plaintiff’s demand is reversed and it is ordered, adjudged and decreed that John Deere Industrial Equip *764 ment Company have judgment against defendant, Virgil Luther, in the full sum of $25,073.42, together with legal interest from date of judicial demand until paid, plus 10% as attorney’s fees, subject to a credit of the net amount realized on the sale of the model 540A skidder in Vernon Parish.
The chattel mortgage and vendor’s lien of John Deere Industrial Equipment Company is recognized on that certain John Deere model 440 skidder, bearing serial no. 123576, now under seizure by the Beauregard Parish sheriff.
Costs of all proceedings, both trial and on appeal, are taxed against Virgil Luther.
REVERSED IN PART; AFFIRMED IN PART AND RENDERED.

. The parties agree that the skidder seized in Beauregard Parish should have been identified as serial No. 123576; there is no dispute that Deere is entitled to have the chattel mortgage and vendor’s lien recognized against that skid-der.

. Much of Luther’s testimony was an offer of proof; we find it to be admissible.