### S. FRIEDLANDER v. JOHN M. BELL et al.

If a sheriff sell anything, without previously doing what the law requires from him, for the validity of the sale, and his vendee be obliged to abandon the thing bought, in consequence of his vendor's neglect, the latter must indemnify the former.
Prescription does not begin to run until the time of eviction.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Roselius & Philips* for plaintiff and appellant. *C. A. Taylor and Benjamin, Bradford & Finney* for defendants.

HOWELL, J. This is an action against a sheriff and his sureties for

damages, which plaintiff alleges he has sustained in consequence of be- <span style="float:right">Friedlander<br>*v.*<br>Bell.</span> ing evicted from certain property bought by him at sheriff's sale. The plaintiff was evicted on the ground that the sheriff's sale was a nullity, because the property had not been seized at all. Judgment was rendered in the lower Court in favor of plaintiff for a part only of his claim, and he has appealed.

The District Judge held the defendants responsible for the money actually paid into the hands of the sheriff, but sustained the prescription of two years, under the 10th section of the Act of 1855, p. 366, to that portion of the sum which was for costs and charges, and released them from liability for all sums paid to the creditors of the defendant in execution, attorneys' fees, taxes and insurance premiums, &c., paid by plaintiff after the sale.

The only question to be decided is, what is the extent of the liability of the sheriff?

In the case of *Fleming* v. *Lockart*, 10 M. 308, it was said: "If a sheriff sell anything, without previously doing what the law requires from him, for the validity of the sale, and his vendee be obliged to abandon the thing bought, in consequence of his vendor's neglect, the latter ought to indemnify the former." In 9 L. 559, *Morris* v. *Abat*, the same principle is thus enunciated: "The marshal certainly warrants the correctness and legality of his own acts, and if by his illegal acts he has caused damage, he is bound to make reparation."

In the case of *Lambeth* v. *The Mayor et als.*, 6 L. 731, this liability was limited to the direct and immediate injury resulting from such negligence or illegal acts, and the question arises, what is the direct and real injury which the plaintiff in this case has sustained by the negligence and omission of the sheriff, in consequence of which the sale was avoided to the prejudice of the former? According to the standard recognized in the case last quoted, it does not extend beyond the amount paid on a contract of sale, which the officer or his legal representative was bound to defend.

The property, in this instance, was adjudicated to plaintiff on the 26th of July, 1856, for the price of $375, payable at 12 months' credit. In settlement of which, as shown by the sheriff's deed of sale, the plaintiff assumed, 1. The payment of the mortgage in favor of the Citizens's Bank of Louisiana, with contribution note, for $1,455. 2. He retained the amount of the mortgage in favor of the minor children of the defendant in execution, for $910 62. 3. He retained the amount of the judgment and interest in favor of the plaintiffs in execution, amounting to $618 56. 4. He paid to the sheriff the costs and charges of both sales, amounting to $342 55; and, 5. Furnished his bond in the sum of $348 27; at twelve months, for the balance of the said price of adjudication.

The sums which appear, from the proof in the record, to have been paid by plaintiff on account of this void contract of sale, are the following, to wit:

FRIEDLANDER
*v.*
BELL.

The costs and charges of the case of *Hemmingway, Friedlander & Co.* v. *Rika Hernsheim,* No. 10,067 in 4th District Court......... $ 342 55

The 12 months bond in said case ........................... 336 68

Bill of costs credited on said bond......................... 28 70

April 29th, 1857. Contribution to Citizens' Bank, due 1st May 1857.............................................. 75 00

June 3d, 1857. Instalment on stock, note due 1st June, 1857, to Citizens' Bank............................... $ 46 00
            Interest at 6½ per cent. for 1 year.... 86 70
                                           132 70

June 1st, 1858. Instalment on stock, note due 1st June, 1858, to Citizens' Bank............................... $ 46 00
            Interest at 6½ per cent. for 1 year.... 83 72
                                           129 72

                    Total.............. $1,045 35

The taxes and insurance premiums paid by plaintiff after his purchase *are not* chargeable to the sheriff, not having been contemplated in the contract of sale. The law made it the duty of the sheriff to pay all the taxes due on the property at the date of sale, and the presumption is, that he did so, and that they (if any) were included in the 'charges' paid by plaintiff.

The plea of prescription of two years, sustained by the lower Court, does not, we think, apply to this case, as plaintiff had no right of action until he was evicted, and the item of costs was, as to time, as much a part of the price paid under the contract of sale as any other portion of the whole. This suit was commenced within a year after the eviction. The plea must be dismissed.

The defendant, John M. Bell, deceased, is represented by his widow and executrix.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be avoided and reversed, and that the plaintiff and appellant do recover from Mrs. Frances B. Bell, in her capacity as widow and tutrix, and James Robb, Alfred Penn, Emile LaSere, Logan McKnight, Bernard Avegno, Samuel Smith, William A. Gasquet, Samuel Jamison, W. G. Mullen, P. Deverges, W. S. Pickett, Peter Marcy, R. J. Ward, S. W. Oakey, G. S. Hawkins, Patrick Irwin, John Armstrong, J. L. Urbray, John L. Macaulay, and John Pemberton, sureties of the late John M. Bell, sheriff of the parish of Orleans, *in solido,* the sum of one thousand and forty-five dollars and thirty-five cents, with legal interest from judicial demand, and costs of both courts.

JONES, J., absent.