471 So.2d 1119 (1985)
CITIZENS BANK OF VILLE PLATTE, Plaintiff-Appellee,
v.
AMERICAN DRUGGISTS INS. CO., Defendant-Appellant.
No. 84-528.
Court of Appeal of Louisiana, Third Circuit.
June 26, 1985.
*1120 Ben W. Lightfoot, of Durrett and Hardin, Baton Rouge, for defendant-appellant.
A. Gaynor Soileau, Ville Platte, for plaintiff-appellee.
Before GUIDRY, KNOLL and KING, JJ.
KING, Judge.
The sole issue presented by this appeal is whether or not a plaintiff, who lost its claim for a deficiency judgment after a foreclosure by executory process because of the Sheriff's negligence in the executory proceeding, can recover the amount of the deficiency judgment from the liability insurer of the Sheriff.
*1121 This action was instituted after plaintiff lost a suit for a deficiency judgment following the judicial sale of an automobile by executory proceeding. The trial judge held that the automobile was sold in the executory proceedings without appraisal, as a result of the negligence of the Sheriff in appointing an unqualified appraiser, and therefore the plaintiff, Citizens Bank of Ville Platte, could not recover a deficiency judgment from its judgment debtors. Citizens Bank then filed this action against American Druggist Insurance Company, the Sheriff's liability insurer, for the amount it sought from its judgment debtors by its action for a deficiency judgment. After answer was filed by the defendant, a motion for summary judgment was filed by plaintiff and granted by the Court. Defendant appeals from the summary judgment rendered against it. We affirm.

FACTS
The evidence shows that in August 1981 Jeffery C. Rollins and Cindy King purchased a new Dodge Challenger automobile. The cash price was $10,912.58, and the finance charges totaled $5,269.02. Rollins and King executed a promissory note for the total of the purchase price and finance charges in the sum of $16,281.60 payable to plaintiff in 48 monthly installments and secured by a chattel mortgage on the automobile. On May 5, 1982 Rollins and King failed to pay the installment due at which time the principal balance due on the promissory note was $14,431.02.
Pursuant to the acceleration clause of the promissory note, the plaintiff declared the entire indebtedness due and instituted proceedings by executory process to seize and sell the automobile. There was compliance with all of the formalities required for a judicial sale with appraisal. Notice was issued to the defendants to be present to choose an appraiser but they did not appear at the assigned time. Accordingly, the sheriff appointed one of the clerical employees in his office to appraise the automobile. The employee appointed had absolutely no schooling or experience in appraising vehicles and in fact did not even see or inspect the car. The automobile was sold at public auction and the Sheriff's return, in his proces verbal, showed the balance unsatisfied after the sale to be $10,183.78.
Plaintiff then filed a suit for deficiency judgment against its judgment debtors, Rollins and King, who raised the defense that the sale was without appraisal, because the appraiser appointed by the Sheriff was unqualified, and therefore the executory proceeding was defective and for this reason no deficiency judgment could be had against them. The trial court, citing Ardoin v. Fontenot, 374 So.2d 1273 (La.App. 3rd Cir.1979), ruled that the executory proceeding for sale of the automobile was defective, due to the improper appraisal of the automobile, and denied plaintiff a deficiency judgment against its judgment debtors, Rollins and King. See also Calcasieu Marine National Bank v. Miller, 422 So.2d 558 (La.App. 3rd Cir.1982), writ denied 429 So.2d 153 (La.1983).
Plaintiff then filed this action against American Druggist, as the liability insurer of the Sheriff, seeking to recover the amount of the deficiency remaining after sale of the automobile. Defendant answered and plaintiff then moved for a summary judgment. After a hearing on the motion for summary judgment the trial court, without assigning oral or written reasons for judgment, rendered judgment in favor of the plaintiff, Citizens Bank, and against the defendant, American Druggist in the sum of $10,183.78, together with legal interest and costs. Defendant appeals from this judgment.
LSA-C.C.P. Art. 966 provides that a motion for summary judgment shall be rendered, "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to judgment as a matter of law."
In this summary judgment proceeding, the facts as recited above were established by the pleadings, affidavits, depositions, *1122 and documents on file in the record and are not disputed.
The two issues presented by this appeal are:
(1) Whether a sheriff is liable to a judgment creditor as a result of its judgment debtors successfully defending a suit for deficiency judgment on the grounds that an appraiser appointed by the sheriff in the executory proceeding was not qualified; and
(2) If the sheriff is liable, whether the judgment creditor can collect from him without a further showing of the solvency of the judgment debtors or the collectibility of the debt.
It is well settled in Louisiana jurisprudence that a sheriff individually, and his official surety, are liable in damages for wrongful or negligent acts committed while in the discharge of the duties of his office. Liberty Mut. Ins. Co. v. Grant Parish, etc., 350 So.2d 236 (La.App. 3rd Cir.1977), and cases cited therein, writ denied 352 So.2d 235 (La.1977).
The statutory guidelines required for appraisal incident to a judicial sale are set forth in LSA-R.S. 13:4363(A), LSA-R.S. 13:4364 and 13:4365, as follows:
"A. Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale." LSA-R.S. 13:4363(A).
"If a party neglects to appoint an appraiser or to notify the sheriff within the time designated, the sheriff shall appoint an appraiser for him." LSA-R.S. 13:4364.
"The appraisers shall take an oath to make a true and just appraisement of the property.
"If the appraisers cannot agree, the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.
"The property seized must be appraised with such minuteness that it can be sold together or separately.
"The appraisers shall reduce their appraisement to writing, sign it, and deliver it to the sheriff." LSA-R.S. 13:4365.
These statutes contemplate that the appraisal be made by appraisers who are competent by education and/or experience to appraise the particular object to be sold and who actually appraise the object. See Ford Motor Credit Co. v. Blackwell, 295 So.2d 522 (La.App. 4th Cir.1974) (concurring opinion), writ denied 299 So.2d 361 (La.1974). Therefore the sheriff's official duties include appointing a qualified and competent appraiser for a judicial sale because without a proper appraisal in conformity with law, the creditor is prohibited from pursuing a deficiency judgment. See LSA-R.S. 13:4106 and 13:4107.
American Druggist does not dispute that the appraiser appointed by the sheriff was unqualified and did not even see the car she supposedly appraised. Their only argument is that the Sheriff should not be liable to plaintiff for the amount of the deficiency judgment plaintiff could have obtained against its judgment debtors except for the Sheriff's negligence. Defendant refers us to no authority in support of this contention. Defendant's position is not well taken. Cf. Conte v. Handy, 34 La.Ann. 862, 864 (Orl.App.1882); Friedlander v. Bell, 17 La.Ann. 42, 43 (Orl.App. 1865) and Lambeth v. The Mayor, et al., 6 La. 731 (Orl.App.1834). A sheriff is liable for wrongful or negligent acts committed while in the performance of his official duties which cause a seizing creditor injury. See Friedlander v. Bell, supra. We find that under the statutes requiring appraisal in an executory proceeding that the Sheriff had a duty to appoint a qualified *1123 and competent appraiser and his failing to do this constituted negligence on his part. We find that his negligence caused the plaintiff, as a seizing creditor, to lose its right to recover a deficiency judgment from its judgment debtors and for this reason hold that American Druggist, as the Sheriff's liability insurer, is liable to plaintiff for its insured's negligence.
American Druggist further argues that, even if the Sheriff was negligent, plaintiff must prove the solvency of its judgment debtors or the collectability of the debt from them before plaintiff can recover the amount of its lost deficiency judgment from the Sheriff or his insurer. We disagree. Plaintiff proved that it had a right to collect a deficiency judgment from its judgment debtors and that this right was lost due to the sheriff's negligence to appoint a competent appraiser. Once plaintiff proved that it had a right to a deficiency judgment, which it lost because of the sheriff's negligence, and the amount of the deficiency judgment it could have obtained it need prove nothing further. A plaintiff in any other suit for deficiency judgment does not have to prove the solvency of the judgment debtor or the collectability of the potential judgment in order to recover a deficiency judgment. We hold that the plaintiff in this case has no higher burden of proof in this respect than any other plaintiff in a suit for a deficiency judgment. This conclusion is further supported by the fact that a deficiency judgment, though perhaps uncollectable at the time it is obtained, will remain inprescriptible for as long as the creditor timely reinscribes the judgment, in accordance with LSA-C.C. Art. 3369, and it can perhaps be collected at some future time. If defendant seeks to assert as an affirmative defense in mitigation of damages that plaintiff was not damaged by its negligence, because of the insolvency of the judgment debtors or the uncollectability of any judgment which would have been rendered against the judgment debtors, it bears the burden of proof for such defense.
For the above and foregoing reasons we conclude that the trial court properly sustained plaintiff's motion granting summary judgment in its favor and against the defendant. The judgment appealed from is affirmed. All costs of this proceeding are taxed to the appellant.
AFFIRMED.