LeBLANC, Judge.
This appeal is from a trial court judgment granting the St. Tammany Sheriffs Office motion for summary judgment. From this judgment, Central Progressive Bank appeals.
FACTS
On March 27,1987, a Writ of Seizure and Sale was issued by the 21st Judicial District Court, Parish of Tangipahoa, pursuant to an executory proceeding, No. 82,230, filed by Central Progressive Bank (the Bank) against Sekire Properties. Sekire was indebted to the Bank for $739,099.77, plus interest, court costs and attorney’s fees. The writ ordered the Tangipahoa Sheriff’s Office to seize and sell described *988 property belonging to Sekire to satisfy the debt. The property, located in Tangipahoa Parish, was seized and a Notice of Seizure and Sale and a Notice to Appoint Appraiser were forwarded by the Tangipahoa Sheriffs Office to the St. Tammany Sheriffs Office for service on Robert C. Lehman, managing partner of Sekire. The record indicates that the Appraiser Notice was personally served on Lehman by Deputy Gregory Galloway, St. Tammany Parish Sheriffs Office, on April 22, 1987. However, the Notice of Seizure and Sale which accompanied the Appraiser Notice does not show service on Lehman. The return copy of the notices sent to the Tangipahoa Sheriffs Office by the St. Tammany Sheriffs Office show personal service of the Appraiser Notice but no service is indicated on the return of the Seizure and Sale Notice. In addition, an internal document from the St. Tammany Sheriffs Office indicates Deputy Galloway made personal service on Lehman. The type of paper served is identified simply as “Notice”.
Deputy Galloway testified he had no independent recollection of the service of either the Appraiser Notice or the Notice of Seizure and Sale; however, he confirmed his signature on the internal St. Tammany Parish Sheriffs Office document and on the Appraiser Notice.
The record goes on to indicate the property was advertised and appraisers were appointed, in accordance with statutory and codal requirements. The property was sold at public auction on June 10, 1987, to the Bank. The balance left unsatisfied after the sale was $467,997.90, plus legal interest. The Bank alleges it lost the right to proceed with a deficiency judgment against Sekire as a result of the defective service made by Deputy Galloway and the St. Tammany Sheriffs Office. The Bank filed this action against the St. Tammany Sheriffs Office seeking damages in the amount of the alleged deficiency.
The St. Tammany Sheriffs Office moved for a summary judgment, which the trial court granted without assigning oral or written reasons for judgment. The Bank appeals.
The Bank argues that the issue of the validity of the return of service by Deputy Galloway should have precluded the granting of summary judgment.
LAW AND DISCUSSION
A motion for summary judgment should be granted if, and only if, the pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966. The mover has the burden of establishing the absence of material fact issues, and any doubt as to the existence of such fact issues is to be resolved against granting the motion. Wilson v. H.J. Wilson Co., Inc., 492 So.2d 54, 56 (La.App. 1st Cir.), writ denied, 496 So.2d 355 (1986).
A fact is material if it is essential to plaintiffs cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigants’ ultimate success, or determine the outcome of a legal dispute. Roadrunner Motor Rebuilders v. Ryan, 603 So.2d 214, 218 (La.App. 1st Cir.1992). Because it is the applicable substantive law that determines materiality, whether or not a particular fact in dispute is material can only be seen in the light of the substantive law applicable to the case. See Sun Belt Constructors, v. T & R Dragline, 527 So.2d 350, 352 (La.App. 5th Cir.1988).
Therefore, if the validity of the return is a genuine issue of material fact which would affect the litigants’ ultimate success, then the granting of a summary judgment would be error.
La.C.C.P. arts. 321-334 establish the sheriff as the executive officer of the district court. Although he is limited by La. C.C.P. art. 322 to exercising his civil functions only in the parish for which he was elected, he is mandated to serve notices, other process, and to execute writs directed to him by the district courts. La.C.C.P. *989 art. 324. La.C.C.P. art. 324 requires the sheriff to make a return to the issuing court on notices, and other process, and on writs, showing the date on which and the manner in which they were served. La. C.C.P. art. 331 authorizes a deputy sheriff to perform any of the duties of the sheriff.
There are supplemental rules for process at La.R.S. 13:3471-13:3485 and the sheriff is permitted to make a seizure of immovable property under the provisions of La. R.S. 13:3851-13:3861. There are both civil and criminal penalties against the sheriff for the willful violation of the seizure statutes contained in La.R.S. 13:3858.
These statutory and codal authorities establish the requirement on the sheriff to serve and return notices, process, and writs. When the Tangipahoa Parish Sheriffs Office forwarded the notices to the St. Tammany Parish Sheriffs Office for service, St. Tammany had an obligation to serve and return the notices.
The pleadings, depositions, and affidavits do not clearly establish, nor does the Bank explicitly argue, if the service by St. Tammany Parish Sheriffs Office was properly made but negligently returned, with the Seizure and Sale Notice portion of the return incomplete, or if the return was false, i.e. there was no service of either notice, but the return of the Appraiser Notice was completed with false information, indicating personal service[1]. However, regardless of which argument the Bank asserts, or whether there is a finding of either negligence or falsity in regard to the return, the Bank could not prevail nor would the finding determine the outcome of the legal dispute. The validity of the return is not a genuine issue of material fact.

1. Proper Service but Negligent Return

Even if the service was properly made but the Sheriffs Office was negligent in its return, the Bank would not be entitled to recover. The damages the Bank alleges it suffered were not caused by a negligent return. They were caused by the failure of the Bank to follow the formalities required before a creditor is entitled to a deficiency judgment.
When property has been sold under executory proceedings after appraisal and in accordance with statutory provisions governing appraisal, the creditor may obtain a personal judgment against the debt- or for any deficiency remaining after the application of the net proceeds of sale to the secured debt. La.C.C.P. art. 2771. However, the litigant seeking a deficiency judgment is the party responsible for strict compliance with every legal formality. A creditor who fails to comply with the required service on the debtor may not avail himself to the benefit of a deficiency judgment. First Federal Sav. & Loan v. Burrows, 539 So.2d 685, 688 (La.App. 3rd Cir.1989). See also Neff v. Ford Motor Credit Co., 347 So.2d 1228, 1232 (La.App. 1st Cir.1977).
Under the law, therefore, it is incumbent on the creditor to exercise reasonable diligence to assure strict compliance with every legal formality to guarantee for itself a deficiency judgment. The defect, on the face of the record, of the lack of return of the Notice of Seizure and Sale would preclude the Bank from prevailing in an action for a deficiency judgment.
The record in the instant case shows that the Bank did not comply with the formalities of service and return, and the Bank is responsible for the alleged loss of its right to proceed with a deficiency judgment against Selcire. If the St. Tammany Sheriff’s Office made personal service of the Seizure and Sale Notice on Lehman but failed to complete the return form indicating service, that negligence by the Sheriffs Office was not the cause of the Bank’s alleged loss. The cause would be the fail *990 ure of the creditor to ascertain the record was complete and supported its right to seek a deficiency judgment. If the record before the court was incomplete, it was the Bank’s responsibility to complete the record.

2. No Service and False Return

Likewise, if the return was false, i.e., service was never made but was returned, falsely indicating personal service of the Appraiser Notice, defendant is still entitled to summary judgment in its favor.
As to the Seizure and Sale Notice, if there was no service and no return in the record, the Bank should have insured the record which was before the court supported its right to a deficiency judgment. It is the omission in the record that prevents the Bank from obtaining the deficiency.
In addition, even if the return of the Appraiser Notice is false, the Bank has lost the right to attack the conclusiveness of the Appraiser Notice return. La.R.S. 13:3471(5) provides:
The return of the serving officer on any citation or other legal process is conclusive, unless directly attacked. Such an attack may be made by rule in the action or proceeding, if made prior to judgment. If made after judgment, the return may be attacked only in a direct action to annul the judgment, which may be brought in the original action or proceeding.
The return indicating personal service is conclusive. The conclusiveness may be attacked, but only by rule before judgment, or if after judgment, as in the instant case, in a direct action to annul the judgment. The Bank may not challenge the conclusiveness of the return of the Appraiser Notice in this suit for damages. Currently, the return may only be attacked in a direct action to annul. Because the return is regarded as conclusive, and may not be attacked, there is no issue of material fact. The St. Tammany Parish Sheriffs Office is entitled to judgment as a matter of law.
The Bank relies on the case of Citizens Bank v. American Druggists Ins., 471 So.2d 1119 (La.App. 3rd Cir.1985), for support. In Citizens Bank the court held the sheriff had a duty to appoint a qualified and competent appraiser and his failing to do so constituted negligence. This negligence caused the plaintiff to lose the right to recover a deficiency judgment. The court held the sheriff liable to the plaintiff for the amount of the deficiency judgment that could have been obtained. However, we distinguish the facts of Citizens Bank and find it not controlling.
In Citizens Bank the sheriff appointed a clerical employee of his office to appraise the seized automobile. The employee had no schooling or experience in appraising automobiles and in fact did not even see or inspect the car.
In that situation, the creditor had no way of determining from the face of the record, that the appraiser was not competent. In the instant case, the incomplete return of the Notice of Seizure and Sale is evident on the face of the record. The omission could have easily been detected by a cursory inspection of the record. Once discovered, the Bank could have quickly addressed the issue, thereby protecting its right to proceed.
For the foregoing reasons, the judgment of the trial court granting the St. Tammany Parish Sheriffs Office motion for summary judgment is affirmed. Costs of this appeal are assessed against the plaintiff-appellant.
AFFIRMED.
CARTER, J., dissents.

. In the Bank’s Petition for Damages, paragraph 5 states:
On the 22nd day of April, 1987, Deputy Gregory Galloway did negligently fail to serve the defendant in the Executory Process, but nevertheless made a return of service indicating personal service made on Mr. Robert C. Lehman.
Whether the Bank asserts no service and false return or proper service but negligent, incomplete return is unclear. We will address both possible assertions.