295 So.2d 522 (1974)
FORD MOTOR CREDIT COMPANY
v.
Charles F. BLACKWELL.
No. 6219.
Court of Appeal of Louisiana, Fourth Circuit.
May 10, 1974.
Rehearing Denied June 6, 1974.
Writ Refused August 30, 1974.
*523 Chaffe, McCall, Phillips, Toler & Sarpy, Peter A. Feringa, Jr., New Orleans, for plaintiff-appellee.
Wilmer G. Hinrichs, New Orleans, for defendant-appellant.
Before REDMANN, SCHOTT and MORIAL, JJ.
SCHOTT, Judge.
These proceedings were initiated with a petition for executory process pursuant to which defendant's truck was seized and sold at a judicial sale. Thereafter, plaintiff filed a supplemental petition seeking a deficiency judgment against defendant. In answer to this petition, defendant alleged that the sale of the truck had been made without a valid appraisal for the reasons that the two appraisers were the clerk of the 29th Judicial District Court for the Parish of St. Charles and a deputy sheriff of the Parish, and as such were disqualified from performing the duties of appraisers; that they did not physically inspect the vehicle; that defendant was not notified of the identities of the appraisers or the appraised value of the truck prior to the sale with the result that his constitutional rights of due process and equal protection under the law were violated and that the true market value was not assigned to the vehicle. Defendant also raised a number of other questions, including constitutional ones, but it is unnecessary for us to pass on these issues in view of our determination that the appraisal itself was invalid because of the procedure employed by the appraisers in arriving at the truck's value.
The statutory guidelines afforded to the sheriff and the appraisers are contained in LSA-R.S. 13:4364 and 13:4365, as follows:
"If a party neglects to appoint an appraiser or to notify the sheriff within the time designated, the sheriff shall appoint an appraiser for him." § 4364
"The appraisers shall take an oath to make a true and just appraisement of the property.
"If the appraisers cannot agree, the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.
"The property seized must be appraised with such minuteness that it can be sold together or separately.
"The appraisers shall reduce their appraisement to writing, sign it, and deliver it to the sheriff." § 4365
In our evaluation of this case we are guided by the proposition that the entire proceeding in this case, which is valid on its face, is by law presumed valid and there is a substantial burden of proof upon the defendant to show that the appraisal was invalid. Jones v. Alford, 172 So. 213 (La.App.2nd Cir.1937). The evidence offered by defendant, consisting primarily of the testimony of the two appraisers, was sufficient to show that a true and just appraisement of the defendant's truck was not made prior to its sale.
Both appraisers testified that they referred to the National Automobile Dealers Association Used Car Guide, which showed the loan value of defendant's type of vehicle to be $1425, the average wholesale value to be $1575, and the average retail value to be $1975. The both spoke to a representative of the plaintiff and to Mr. Hymel, with whom the vehicle was stored, to assist them in arriving at a fair valuation. One of the appraisers, Mr. Dufresne, testified that on numerous times in the past he had consulted with Hymel for assistance in making appraisals, and in this case after he got Hymel's suggested figure of $1500 he consulted with the other appraiser *524 and agreed to her figure of $1400, which had been suggested by plaintiff's representative.
Defendant testified that his truck, only 18 months old, had been driven 18,000 miles and while it needed a speedometer cable and had slight scratches in the paint on the back of the vehicle, "it was in near-new condition." Furthermore, it contained optional equipment of a full instrument panel, full view mirrors, automatic transmission, heater, a heavy duty equipment bumper (the cost of which was about $125), a specially cut plywood bed for the back of the vehicle and a tow chain. The bumper, plywood bed and tow chain had all been installed on the vehicle after its initial purchase by defendant.
Neither appraiser ever physically inspected the vehicle and while in itself, this may not be fatal to the validity of their procedure, [see Plauche-Locke Securities v. Johnson, 187 So.2d 178 (La.App.3rd Cir.1966), in which one of the appraisers had not seen the vehicle seized], in the light of defendant's testimony that the vehicle had extra equipment installed on it and that the condition of the vehicle was better than average, their failure to inspect the vehicle rendered them incapable of contradicting defendant's testimony. Nor is there any other evidence to contradict defendant's testimony. Mrs. Brown, one appraiser, based her appraisal primarily upon a telephone conversation she had with a representative of plaintiff. But none of its representatives testified that he had ever seen the vehicle. Mr. Hymel, upon whom both appraisers relied to a considerable extent, did not testify.
The vehicle was sold at auction to plaintiff for the minimum of two-thirds of the appraised value of $1400. That appraised value was slightly below the average loan value of defendant's type of vehicle. It would have been more reasonable for the appraisers to use the average retail value rather than the average loan value since the law already provides an appropriate differential or reduction from that retail value when it provides that the vehicle may be sold for two-thirds of its value.
We have concluded that the defendant successfully carried his burden of proof and that the appraisers did not substantially comply with the law set forth in R.S. 13:4365 so as to make "a true and just appraisement of the" defendant's truck. Accordingly, the judgment appealed from is reversed at plaintiff's cost including the costs of this appeal.
Reversed and rendered.
MORIAL, J., concurs with written reasons.
MORIAL, Judge (concurring).
To recover the balance due on a debt following executory process there must be an appraisement of the property prior to the judicial sale. A creditor must strictly comply with the Deficiency Judgment Act as regards appraisement of the property.[1] This requirement of strict compliance results from the legislative and judicial policy of protecting the debtor's rights in the expeditious executory proceedings. Myrtle Grove Packing Company v. Mones, 226 La. 287, 76 So.2d 305 (1954). Our public policy prohibits a deficiency judgment where the mortgaged property is sold without the benefit of a legal and lawful appraisement. Mack Trucks, Inc. v. Dixon, 142 So.2d 605 (La.App. 4 Cir. 1962).
A legal and lawful appraisement requires the appraisers "* * * to make a true and just appraisement of the property. * * * with such minuteness that it can be sold together or separately. * * *" (emphasis supplied) LSA-R.S. 13:4365. I cannot conceive an appraisement being *525 "true," "just" and with "minuteness" where the appraisers have no knowledge of the property, except that obtained from an abstract source (National Automobile Dealers Association Used Car Guide), and where neither appraiser has made an inspection of the property. See: Plauche-Locke Securities v. Johnson, 187 So.2d 178 (La.App.3rd Cir. 1966), in which one appraiser actually inspected the car and the other appraiser was informed by the notes of the inspecting appraiser and used that data to adjust the NADA Blue Book value. However, LSA-R.S. 13:4363 requires two appraisers to be appointed and each (debtor and seizing creditor) has the right "* * * to name an appraiser to value the property[.] * * *"
The legislature in its wisdom, by the very language it employed in LSA-R.S. 13:4365, did not intend that an appraisement[2] be based solely on information of valuation in a guide published and used primarily within a trade association or only by those in close privy to such association.
A valuation of property absent actual knowledge of the property attained via an inspection is not an appraisement. And in such a case under the Deficiency Judgment Act the debt is discharged and the creditor may not seek a deficiency.
I respectfully concur.
REDMANN, Judge (concurring in refusing rehearing).
I join Judge Morial in the view that appraisal of a motor vehicle cannot be sustained where neither appraiser has personally inspected the car. In Plauche-Locke, supra, one had. A creditor's appraisal could not be defeated by the debtor's appraiser's refusing to inspect.
NOTES
[1] LSA-R.S. 13:4106, 13:4107.
[2] "appraisal * * * also appraisement * * * 1: an act of estimating or evaluating (as quality, status, or character) esp. by one fitted to judge * * * [.]" Webster's Third New International Dictionary (1971 ed.).