374 So.2d 1273 (1979)
Jimmie L. ARDOIN d/b/a Ardoin's Auto Sales, Plaintiff and Appellant,
v.
John FONTENOT, Defendant and Appellant.
No. 7128.
Court of Appeal of Louisiana, Third Circuit.
August 30, 1979.
*1274 Fruge & Vidrine, Chris B. Fruge, Ville Platte, for plaintiff and appellant.
Fusilier, Pucheu, Soileau & Coreil, A. Gaynor Soileau, Ville Platte, for defendant and appellee.
Before SWIFT, STOKER and DOUCET, JJ.
DOUCET, Judge.
This action was brought by Jimmie L. Ardoin, d/b/a Ardoin's Auto Sales, to obtain a deficiency judgment against John Fontenot, following the judicial sale of a Ford Gran Torino Elite automobile in an earlier executory proceeding. Plaintiff appeals from a judgment dismissing his suit on an exception of no cause or right of action.
The attorney appointed by the district court to represent the absent Fontenot contends that the deficiency action brought by plaintiff was improper because a valid appraisal was not made prior to the sale of the Ford automobile. We agree.
The requirements for appraisals incident to judicial sales are set out in LSA-R.S. 13:4365, which states:
"The appraisers shall take an oath to make a true and just appraisement of the property.
If the appraisers cannot agree, the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.
The property seized must be appraised with such minuteness that it can be sold together or separately.
The appraisers shall reduce their appraisement to writing, sign it, and deliver it to the sheriff."
The written appraisal in the record (R.24) does not conform to the requirements set out in the last two paragraphs of the above provision. It consists of a blank appraisement form, bearing the signatures of the sheriff and two appraisers, Terral Fontenot and Christopher Fruge. There is no description of the property, nor is there a value assigned to it.
A creditor can obtain a deficiency judgment only if the property has been sold under an executory proceeding, after a valid appraisal has been made in accordance with the applicable law. LSA-C.C.P. Arts. 2771 and 2723; LSA-R.S. 13:4106-4107; League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968); Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir. 1975). As this court stated in the latter case, the rationale of the Deficiency Judgment Act (LSA-R.S. 13:4106-4107) is "the strong public policy of protecting a debtor from possible abuse resulting from the judicial sale of his property without notice and without the benefit of proper appraisement." In order to prevent the thwarting of that public policy, it is necessary that the statutory requirements be complied with. Ford Motor Credit Company v. Samec, 227 So.2d 164 (La.App. 2nd Cir. 1969); Bourgeois v. Sazdoff, 209 So.2d 320 (La.App. 4th Cir. 1968).
*1275 Plaintiff argues that there has been substantial compliance with the requirements of LSA-R.S. 13:4365. In support of his contention, he relies upon the fact that the sheriff's proces verbal states that the Ford automobile was appraised by Terral Fontenot and Christopher Fruge prior to the sale and was valued at $1,000. He argues that that statement in the proces verbal is sufficient to establish substantial compliance with the statutory requirements under this court's holding in Plauche-Locke Securities, Inc. v. Johnson, 187 So.2d 178 (La. App. 3rd Cir. 1966).
In that case, it was held that an appraisement was valid despite the fact that no formal oath had been administered to the individuals making it. That is, they had not been required to raise their hands and make a statement to the effect that they were swearing or taking an oath to make a fair and just appraisement of the property. However, both of the appraisers had served as such on many prior occasions and were thoroughly familiar with the procedures employed. Both had also signed a written document reciting that they had been "duly appointed and sworn to make an appraisement", and the deputy sheriff, before whom the signatures had been affixed, had certified that the appraisal was "Sworn to and subscribed" before him. Under those circumstances, it was concluded that in signing the appraisal form, the appraisers clearly understood that they were taking the oath required by LSA-R.S. 13:4365.
We do not believe that the reasoning of the decision in that case can be extended to cover the serious deficiencies in the appraisal in the present case. The issue here concerns the quality of proof which is statutorily required for the protection of the debtor. The actions of the sheriff in preparing his proces verbal cannot be substituted for those required of the appraisers in the last two paragraphs of LSA-R.S. 13:4365. In fact, the presence of the incompleted appraisement form in the record refutes the statement made in the sheriff's proces verbal. Bourgeois v. Sazdoff, supra.
For these reasons, the judgment of the district court dismissing plaintiff's suit on defendant's exception of no cause or right of action is affirmed.
AFFIRMED.