505 So.2d 973 (1987)
JOHN DEERE COMPANY, Plaintiff-Appellant,
v.
Eric G. LOEWER, Jr., Defendant-Appellee.
No. 86-453.
Court of Appeal of Louisiana, Third Circuit.
April 8, 1987.
Rehearing Denied May 5, 1987.
*974 Percy, Smith, Foote & Honeycutt, J. Michael Percy, Alexandria, for plaintiff-appellant.
Paul C. Tate, Jr., Mamou, for defendant-appellee.
Before FORET, DOUCET and KNOLL, JJ.
KNOLL, Judge.
John Deere Company (Deere) appeals a trial court ruling denying it a deficiency judgment against a debtor whose tractor was seized and sold by executory process. Deere contends the trial court erred in holding that the judicial sale was not conducted pursuant to a valid appraisal because the sheriff-appointed appraiser was an interested party and was not sworn before a notary.
On January 2, 1980, Eric G. Loewer, Jr., defendant-appellee, purchased a four wheel drive John Deere tractor, model 8640, from Hollier Implement Company of Eunice (Hollier) through a "Time Sale Agreement". Loewer made a $12,000 cash down payment. The unpaid portion was financed by Hollier and secured by a chattel mortgage and vendor's lien which were assigned to Deere. Loewer failed to make the payment that was due on September 1, 1983. Pursuant to an acceleration clause in the sales agreement, Deere filed a petition for executory process on December 10, 1984 for foreclosure.
The tractor was seized and the sale was duly advertised after proper notice was given to the debtor, Loewer. The sheriff notified both parties of the need to appoint their respective appraisers. After the parties' appraisers could not agree on a price, the tractor was appraised by a sheriff-appointed appraiser for $33,000. The sheriff's return on the writ of seizure and sale reflects the sale of the tractor to Greenline II of Aberdenn, Mississippi for $22,000. Deere then filed a petition for a deficiency judgment, seeking to recover $21,270.97 as the unsatisfied portion of the writ. The trial court held that Deere was not entitled to a deficiency judgment because the Sheriff's appraiser was not sworn and the appraisal was not fairly made since the appraiser was intimately connected to plaintiff's business.
Deere contends on appeal that the law requires only substantial compliance with statutory appraisal requirements. Loewer contends appraisals require strict compliance with statutory requirements and in the absence thereof, the debt is fully satisfied and the creditor is prohibited from obtaining a deficiency judgment.

STATUTORY APPRAISAL REQUIREMENTS
The following statutes are pertinent to appraisement of property sold at a judicial sale:
LSA-C.C.P. Art. 2723:
"Prior to the sale, the property seized must be appraised in accordance with law, unless appraisal has been waived in the act evidencing the mortgage or privilege and plaintiff has prayed that the property be sold without appraisal, and the order directing the issuance of the writ of seizure and sale has directed that the property be sold as prayed for."
LSA-C.C.P. Art. 2771:
"The creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723."
The Deficiency Judgment Act, LSA-R.S. 13:4106 provides in pertinent part:

"If a mortgagee or other creditor takes advantage of a waiver of appraisement of his property, movable, immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully *975 satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency ..."

LSA-R.S. 13:4363 et seq. provides, in pertinent part:
§ 4363.
"A. Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name on appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale."
§ 4364.
"A. If a party neglects to appoint an appraiser or to notify the sheriff within the time designated, the sheriff shall appoint an appraiser for him.
B. The appraisal of any appraiser appointed by the sheriff shall be made and delivered to the sheriff at a time prior to the sale."
§ 4365.
"A. The appraisers shall take an oath to make a true and just appraisement of the property.
B. If the appraisers cannot agree, the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.
C. The property seized must be appraised with such minuteness that it can be sold together or separately.
D. The appraisers shall reduce their appraisal to writing, sign it, and deliver it to the sheriff.
E. The appraisal of any appraiser appointed by the sheriff shall be made and delivered to the sheriff at a time prior to the sale."
The relevant inquiry is to what degree must a seizing creditor comply with appraisal requirements to obtain a deficiency judgment?
Where a judicial sale is valid on its face, it is by law presumed valid. The burden of proof upon a party challenging the sale is to show that there was a fundamental defect in executory process. This constitutes a valid defense to a subsequent suit for a deficiency judgment. R.S. 13:4364, 4365; Chrysler Credit Corporation v. Brown, 452 So.2d 810 (La.App. 3rd Cir.1984); Chrysler Credit Corp. v. Stout, 404 So.2d 304 (La.App. 3rd Cir.1981); Ford Motor Credit Company v. Blackwell, 295 So.2d 522 (La.App. 4th Cir.1974), writ denied, 299 So.2d 361 (La.1974). The statutes contemplate appraisals made by persons competent by education and/or experience who visually inspect and appraise the object. Thus, an unqualified appraiser is a fundamental defect rendering the sale without appraisal. Citizens Bank of Ville Platte v. American Druggists Ins. Co., 471 So.2d 1119 (La.App. 3rd Cir.1985); League Central Credit Union v. Montgomery, 251 La. 971, 207 So.2d 762 (1968). A fundamental defect also exists where the property to be sold has not been described on the appraisal form; Ardoin v. Fontenot, 374 So.2d 1273 (La.App. 3rd Cir.1979); and where there has been non-compliance with the required delays between appraisal and the sale, Credithrift of America, Inc. v. Williams, 426 So.2d 339 (La.App. 2nd Cir. 1983). Where a creditor attempts to cause an unfair appraisal, the sale should be declared without appraisal; however, where there is substantial compliance with statutory appraisal requirements the court should not hold the sale without benefit of appraisal for purely technical reasons. M. Marx Sons v. Cooper, 63 So.2d 883 (La. App. 1st Cir.1953).
In Plauche-Locke Securities, Inc. v. Johnson, 187 So.2d 178 (La.App. 3rd Cir. 1966), this court held that there is no requirement in law that sheriff-appointed appraisers be disinterested persons. Even a *976 party to a suit for a deficiency judgment may act as an appraiser. LSA-R.S. 13:4366 provides that "a party to an action or proceeding who acts as an appraiser is not entitled to a fee." Therefore, we conclude that the appraisal is not invalid because Phillip Hollier, Jr., the sheriff-appointed appraiser, was part-owner of Hollier Implement Co., the original seller. See also Consolidation Loans, Inc. v. Guercio, 200 So.2d 717 (La.App. 1st Cir.1966).
In Plauche-Locke Securities Inc., supra, we determined that substantial compliance with statutory appraisal requirements afforded a seizing creditor the benefits of a deficiency judgment. We concluded that the statutory appraisal requirements were met, albeit no formal oath was administered, where the appraisal form indicated that the appraisers had been "duly appointed and sworn to make an appraisement" and were sworn by a deputy sheriff.
In the case sub judice, both parties appointed appraisers. Deere's Financial Service Representative, Mark Adamson, appraised the tractor at $32,500, based on physical inspection, automotive guides, and calls to other dealers. His inspection revealed that the tractor had high service hours and tires which showed 50% wear. Loewer's appraiser, Elwood J. Fontenot, did not physically inspect the tractor but appraised it at $45,598 based solely on the National Farm and Power Dealer Association Guide. The disagreement prompted the sheriff to appoint Phillip Hollier, Jr., as the third and binding appraiser. Hollier physically inspected the tractor and appraised it at $33,000. He signed the appraisal form but was not placed under an oath before signing.
The notary whose signature appears on the appraisal form, Sandra Thibodeaux, testified that she was not present when any appraisals were conducted nor did she actually administer an oath to the appraisers. The record shows that the two other appraisers signed the appraisal form at a police unit substation in Eunice, where a deputy sheriff picked up the form and returned it to the notary at the Sheriff's Office. According to the record, the appraisal form on its face shows substantial compliance with statutory requirements.
To overcome the presumption of validity Loewer must show that the appraisal was fundamentally defective i.e., an unjust, unfair appraisal by an unqualified appraiser without visual knowledge of the tractor's physical condition. The record shows that the sheriff-appointed appraiser was qualified because of his knowledge of the tractor business and his visual knowledge of the tractor's condition. The record is void of any evidence that Deere attempted to circumvent the law and cause an unjust and unfair appraisal.
We find that the lack of a formal oath is not so fundamentally defective as to render an appraisal invalid thereby denying a creditor a deficiency judgment. Deere has shown that there was substantial compliance with statutory appraisal requirements and the record does not support that the appraisal was unjust or unfair. Therefore, the trial court erred in denying Deere a deficiency judgment against Loewer.
For the foregoing reasons the judgment of the trial court is reversed. Judgment is hereby rendered in favor of John Deere Company granting it a deficiency judgment against Eric G. Loewer, Jr., in the sum of $21,270.97, plus legal interest from the date of judicial demand until paid. All costs of trial and of this appeal are assessed to Eric G. Loewer, Jr.
REVERSED AND RENDERED.