520 So.2d 1109 (1987)
G.M.A.C., Plaintiff-Appellant,
v.
Aurse J. MERGIST, et al., Defendants-Appellees.
No. 86-1150.
Court of Appeal of Louisiana, Third Circuit.
December 9, 1987.
Writ Denied February 5, 1988.
*1110 Edward Broussard, Abbeville, for plaintiff-appellant.
Michael Tate, Lafayette, for defendants-appellees.
Before FORET, YELVERTON and KNOLL, Judges.
KNOLL, Judge.
This suit was filed by General Motors Acceptance Corporation (hereafter GMAC) to obtain a deficiency judgment against the defendants, Aurse Mergist and his wife, Louise Abshire Mergist, following the sale of a 1982 Chevrolet Cavalier automobile in an earlier executory proceeding. GMAC appeals from a judgment dismissing its suit on the grounds that strict compliance was not observed in the executory proceeding in that the oath of the appraisers was not paraphed. We reverse, finding that the failure to paraph the appraisers' oath was not so fundamentally defective as to render the appraisal invalid when there is otherwise substantial compliance, thereby denying the creditor a deficiency judgment.
Defendants' automobile was seized and sold in an executory proceeding when they failed to make timely payments thereon. The vehicle was sold at judicial sale after appraisal and advertisement were made in accordance with LSA-C.C.P. Arts. 2722 and 2723. After the proceeds of the sale were distributed, there was an outstanding balance owed by defendants to GMAC in the sum of $5,986.53, together with interest and attorney's fees. GMAC then pursued a deficiency judgment in order to collect the balance due on the principal sum. Defendant opposed the deficiency judgment on the grounds that the appraisal was invalid because the deputy sheriff, who was the notary public, did not paraph the oath of appraisers, thus making the appraisal non-authentic. The trial court found that GMAC had not strictly conformed to the required procedures of executory process by failing to paraph the oath, therefore, GMAC was denied a deficiency judgment.
One of the most important aspects of a judicial sale is the appraisal of the property being offered. There are several statutes which govern this procedure in Louisiana. They are, in pertinent part, as follows:
LSA-C.C.P. Art. 2723:
"Prior to the sale, the property seized must be appraised in accordance with law, unless appraisal has been waived in the act evidencing the mortgage or privilege and plaintiff has prayed that the property be sold without appraisal, and the order directing the issuance of the writ of seizure and sale has directed that the property be sold as prayed for."
LSA-C.C.P. Art. 2771:
"The creditor may obtain a judgment against the debtor for any deficiency due on the debt after the distribution of the proceeds of the judicial sale only if the property has been sold under the executory proceeding after appraisal in accordance with the provisions of Article 2723."
LSA-R.S. Art. 13:4106:
"If a mortgagee or other creditor takes advantage of a waiver of appraisment of his property, movable or immovable, or both, by a debtor, and the proceeds of the judicial sale thereof are insufficient to satisfy the debt for which the property was sold, the debt nevertheless shall stand fully satisfied and discharged insofar as it constitutes a personal obligation of the debtor. The mortgagee or other creditor shall not have a right thereafter to proceed against the debtor or any of his other property for such deficiency..."
LSA-R.S. 13:4363(A):
"Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at *1111 least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale."
LSA-R.S. 13:4364:
"A. If a party neglects to appoint an appraiser or to notify the sheriff within the time designated, the sheriff shall appoint an appraiser for him.
B. The appraisal of any appraiser appointed by the sheriff shall be made and delivered to the sheriff at a time prior to the sale."
LSA-R.S. 13:4365:
"A. The appraisers shall take an oath to make a true and just appraisement of the property.
B. If the appraisers can not agree, the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.
C. The property seized must be appraised with such minuteness that it can be sold together or separately.
D. The appraisers shall reduce their appraisal to writing, sign it, and deliver it to the sheriff.
E. The appraisal of any appraiser appointed by the sheriff shall be made and delivered to the sheriff at a time prior to the sale."
The question that must be answered and that is most relevant to this case is: How much compliance with the preceding statutes is required in order to preserve a valid deficiency judgment?
Louisiana jurisprudence holds that only a fundamental defect in an executory proceeding will constitute a valid defense to a deficiency judgment. In Citizens Bank of Ville Platte v. American Druggists Ins. Co., 471 So.2d 1119 (La.App. 3rd Cir.1985), this court held that an appraisal made by an unqualified appraiser is a fundamental defect sufficient to defeat a deficiency judgment. Another fundamental defect would be where a creditor failed to serve notice of seizure and notice for appointment of an appraiser. Exchange National Bank of Chicago v. Spalitta, 295 So.2d 18 (La.App. 4th Cir.1974), writ issued 299 So. 2d 360, reversed on other grounds 321 So. 2d 338, certiorari denied 425 U.S. 904, 96 S.Ct. 1494, 47 L.Ed.2d 753 (1976). Also, where a creditor attempts to cause an unfair appraisal, the sale should be declared without appraisal. M. Marx Sons v. Cooper, 63 So.2d 883 (La.App. 1st Cir.1953).
The fact that strict compliance was not adhered to does not necessarily defeat a deficiency judgment. Where there is substantial compliance with statutory appraisal requirements the court should not hold the sale without benefit of appraisal for purely technical reasons. M. Marx Sons v. Cooper, supra. This case is very much on point with the present case in that a deputy sheriff simply overlooked signing the attestation clause of the signatures. Our brethren of the first circuit court of appeal did not view this as constituting such an irregularity as to make the sale one without benefit of appraisal. In John Deere v. Loewer, 505 So.2d 973 (La.App. 3rd Cir. 1987), writ denied (1987), this court held that where the sheriff's appraiser was not sworn but there was otherwise substantial compliance with statutory appraisal requirements, the defect was not so fundamental as to invalidate the appraisal.
In the present case, the record shows that the appraisers' oath and appraisers' report are on one page. There were two appraisers and each signed the oath which contained the following sentence: "I solemnly swear that I will make a true and faithful appraisal of the property seized in the above action, whether for cash or for the time or credit designated by the parties." The notary public, Deputy Suire, who is also the deputy sheriff that handled the judicial sale, failed to paraph this oath. The appraisers' report was signed by each appraiser and also by Deputy Suire. At trial Deputy Suire testified that he administered the oath and was present when the appraisals were made but failed to paraph the oath. He did not have an independent recollection of the sale because of the time lapse, but felt he administered the oath to *1112 the appraisers because it was always his habit to do so. The appraisers did not testify. The trial court ruled that the failure to paraph the oath did not meet the strict requirements of executory process, not that the court did not believe Deputy Suire in fact administered the oath.
The policy of having such profound statutory guidelines concerning deficiency judgments is that debtors were often in precarious situations with their creditors. This led to many abuses by creditors and often subjected debtors to gross injustices. Ardoin v. Fontenot, 374 So.2d 1273 (La. App. 3rd Cir.1979). Therefore, the legislature enacted certain procedures that insured debtors against such abuses. However, when there is no evidence of wrongdoing by a creditor or an attempt to take unfair advantage of a debtor, there should be no denial of a deficiency judgment when the procedures followed have fallen short of strict compliance, but have subtantially complied. In the present case we find no evidence in the record or testimony of any party that GMAC was trying to prejudice the rights of the Mergists.
The record convinces us that Deputy Suire in fact administered the appraisers the oath. His signature at the bottom of the page, although under the appraisers' report portion, is compelling evidence that he in fact administered the oath and inadvertently failed to sign the oath as notary public. Under these circumstances, we do not find this omission so fundamentally defective as to render the appraisal invalid, thus denying the creditor, GMAC, a deficiency judgment. Accordingly, the trial court erred in declaring the appraisal invalid and denying GMAC a deficiency judgment against the Mergists.
For the foregoing reasons, the judgment of the trial court is reversed and there is judgment herein in favor of General Motors Acceptance Corporation and against Aurse J. Mergist and Louise Abshire Mergist in the principal sum of Five Thousand Nine Hundred Eighty-six and 53/100 ($5,986.53) Dollars, together with legal interest from the date of judicial demand until paid, plus twenty-five per cent (25%) attorney's fees. All costs of trial and of this appeal are assessed to Aurse J. Mergist and Louise Abshire Mergist.
REVERSED AND RENDERED.