527 So.2d 41 (1988)
LOUISIANA NATIONAL BANK, Plaintiff-Appellant,
v.
John T. LABORDE and Gail Laborde, Defendants-Appellees.
No. 87-161.
Court of Appeal of Louisiana, Third Circuit.
April 6, 1988.
*42 Larry D. Book, Baton Rouge, for plaintiff/appellant.
David LaFargue, Marksville, for defendants/appellees.
Before DOMENGEAUX, STOKER and YELVERTON, JJ.
YELVERTON, Judge.
Louisiana National Bank, which held a note secured by a mortgage on a house trailer, foreclosed by executory process and the property was sold at sheriff's sale. In a subsequent suit for a deficiency judgment, the husband and wife debtors raised two alleged defects in the executory proceedings as defenses: (1) that one of the appraisers was not an expert, and (2) that the name of that appraiser was not typed in on the "appraisement form". The trial court found both defenses valid, and handed down rulings which in effect dismissed the suit for a deficiency judgment. Louisiana National Bank appealed. We reverse.
The disputed deficiency judgment was obtained by confirmation of default on September 12, 1986. The debtors moved for a new trial, alleging "discrepancies in the executory proceedings", and a hearing was conducted on the motion on October 22, 1986, with evidence being taken at the hearing concerning the "discrepancies". At the conclusion of this hearing the trial court granted a new trial, based on the following oral reasons:
"The court in this case finds that the one of the appraisals is defective in that the oath of the appraiser is not filled in, the name of the person taking the oath is not filled in although the name of Blume Saucier appears by way of signature below. But the authentic act swearing him in is incomplete and does not say who they're swearing in. Likewise the name of the appraiser is not designated on the appraisal form. Blume Saucier is not an expert in the field of appraising mobile homes but he did go out there at the time. He made the seizure but he did not go and make an inspection before making the appraisal. And the Court will therefore in the interest ofit feels that in the interest of justice a new trial is ordered."
Two days after the hearing on October 22, 1986, the trial judge signed a formal judgment vacating and setting aside the September 12, 1986 deficiency judgment taken by default, and granting a new trial.
*43 Before a new trial date could be set, the debtors moved for summary judgment. This motion was made on December 12, 1986, and was based, in part, upon the transcript of the testimony of Blume Saucier (the Deputy Sheriff appraiser whose qualifications had been found lacking) in the motion for new trial. The summary judgment motion was heard and granted, and on December 12, 1986, the trial court dismissed the deficiency judgment action with prejudice.
We will first consider the merits of the appeal, i.e., whether the qualifications of the appraiser Blume Saucier and the failure to type his name in on the form were defects such as to defeat the action for a deficiency judgment. The test is, if these "fundamental defects" had been raised prior to the sale, would they have been sufficient to nullify the executory proceedings? If so, then they are sufficient to constitute a valid defense to a deficiency judgment based on the executory proceedings. Chrysler Credit Corp. v. Breaux, 293 So. 2d 261 (La.App. 1st Cir.1974), writ denied 294 So.2d 548 (La.1974).
Deputy Blume Saucier's qualifications as an appraiser are based entirely on his own testimony. He testified that he had been working for the Sheriff's Office for six years. His duties included serving papers and appraising seized goods. He estimated that he had appraised approximately 10 to 15 mobile homes a year during that period. In appraising mobile homes he referred to the Blue Book of Used Mobile Homes and personally inspected the homes for damage. He inspected the Labordes' mobile home and noted that the floor had buckled in the kitchen and that the plywood was sagging around the carpet. He appraised the mobile home at $17,000. The purchase price of the trailer was approximately $20,000 less than a year earlier.
As this court stated in Citizens Bank v. American Druggists Ins., 471 So.2d 1119 (La.App. 3rd Cir.1985):
The statutory guidelines required for appraisal incident to a judicial sale are set forth in LSA-R.S. 13:4363(A), LSA-R.S. 13:4364 and 13:4365, as follows:
"A. Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale." LSA-R.S. 13:4363(A).
"If a party neglects to appoint an appraiser or to notify the sheriff within the time designated, the sheriff shall appoint an appraiser for him." LSA-R.S. 13:4364.
"The appraisers shall take an oath to make a true and just appraisement of the property.
"If the appraisers cannot agree, the sheriff shall appoint a third appraiser, who shall also be sworn, and whose decision shall be final.
"The property seized must be appraised with such minuteness that it can be sold together or separately.
"The appraisers shall reduce their appraisement to writing, sign it, and deliver it to the sheriff." LSA-R.S. 13:4365.
These statutes contemplate that the appraisal be made by appraisers who are competent by education and/or experience to appraise the particular object to be sold and who actually appraise the object. See Ford Motor Credit Co. v. Blackwell, 295 So.2d 522 (La.App. 4th Cir.1974) (concurring opinion), writ denied 299 So.2d 361 (La.1974). Therefore the sheriff's official duties include appointing a qualified and competent appraiser for a judicial sale because without a proper appraisal in conformity with law, the creditor is prohibited from pursuing a deficiency judgment. See LSA-R.S. 13:4106 and 13:4107.
*44 In the present case the defendants only question the qualifications of Deputy Saucier. However, the record established that he was an appraiser of six years experience and that he had personally inspected the property. He had appraised numerous mobile homes in the past using the standard blue book value as an aid in arriving at his appraisal. Based on these facts we find the trial court was manifestly erroneous in finding that Deputy Saucier lacked the experience required for appraising mobile homes.
On the subject of the other defense which the trial court found to be a fundamental defect, the court noted that Deputy Saucier's name had not been typed in on two blanks provided for his name on the appraisement form.
Louisiana jurisprudence holds that only a fundamental defect in an executory proceeding will constitute a valid defense to a deficiency judgment. Citizens Bank v. American Druggists Inc., supra. Where there is substantial compliance with statutory appraisal requirements the court should not hold the sale without benefit of appraisal for purely technical reasons. G.M.A.C. v. Aurse J. Mergist, 520 So.2d 1109 (La.App. 3rd Cir.1987). In G.M.A.C. this court found that the failure to paraph the appraiser's oath was not so fundamentally defective as to render the appraisal invalid when there was otherwise substantial compliance.
In the present case the appraisal was filled out and completed in all respects except for the typing in of the name of the appraiser in the space provided therefor. Blume Saucier signed the oath to make a true and just appraisement of the property, and his signature was dated June 16, 1986, and notarized by a notary public. On the same form, Blume Saucier signed the appraisal itself, and this signature was dated the same date and signed by the same notary public. The mere failure to type in his name in the two blank spaces, when otherwise his identity was clearly established and the statutory guidelines for the appraisal were faithfully followed, is not a fundamental defect sufficient to render the appraisal defective. The trial judge was in error in so holding.
We note that to the extent Act 489 of 1986, effective August 30, 1986, which made drastic changes in our deficiency judgment law, might be otherwise applicable, we do not consider it because it does not have retrospective operation. First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., supra. The executory proceedings herein commenced on April 28, 1986.
We will now turn to a brief discussion of the procedural status of this appeal, and explain our disposition of the case. It will be remembered, as mentioned earlier, that after Louisiana National Bank obtained a deficiency judgment by default, the trial judge vacated and set aside that judgment and ordered a new trial, but before a new trial was actually held, the trial judge granted the debtors' motion for summary judgment.
Louisiana National Bank timely appealed both the judgment granting the new trial and the summary judgment.
A judgment granting a new trial is an interlocutory judgment, not a final one, and it does not cause irreparable injury; hence, it is not an appealable judgment. La.C.C.P. Art. 2083. Simmons v. Beauregard Parish School Board, 284 So.2d 668 (La.App. 3rd Cir.1973). On the other hand, a summary judgment is a final judgment and is appealable. Beckham v. Hartford Accident & Indemnity Co., 137 So.2d 99 (La.App. 3rd Cir.1962). Were we to decide this case only as a reversal of the summary judgment, a remand would be required for a new trial and, in view of the trial court's findings of fact after the hearing on the motion for a new trial, the result of a new trial would be a foregone conclusion in defendant's favor. Accordingly, in the exercise of its supervisory jurisdiction, since the facts having to do with the expertise of the appraiser are not disputed, only the legal effect of those facts, and a reversal of the order granting a new trial together with a reversal of the summary judgment will terminate the litigation, judicial efficiency *45 and fundamental fairness to the litigants dictate that we decide the case, to avoid the waste of time and expense of a useless future trial on the merits. Herlitz Construction Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La. 1981). That is why we have entertained this appeal.
Accordingly, the judgment of the trial court granting a new trial and the summary judgment in favor of defendants are both vacated and set aside, and the deficiency judgment taken by default on September 12, 1986, is reinstated. Appellees will pay the costs of this appeal and all costs below.
JUDGMENTS OF OCTOBER 24, 1986 AND DECEMBER 12, 1986 REVERSED; JUDGMENT OF SEPTEMBER 12, 1986, REINSTATED.