HIGHTOWER, Judge.
On May 4, 1988 American Bank and Trust Co. (plaintiff) filed a petition for ex-ecutory process, alleging that Nathaniel Madro Bandaries, III (defendant) and his ex-wife, who has since received a discharge in bankruptcy, had defaulted on their obligations under a promissory note. Correspondingly, the district court signed an order issuing executory process and directing the seizure and sale, after appraisal, of the immovable property securing the debt.
The sheriff of Caddo Parish by custom, rather than legal compulsion, made a practice of informing all debtors of impending sale dates. Thus, the notice of seizure and sale with which defendant was served indicated his property would be sold on June 29, 1988. That notice also admonished defendant concerning a June 22 deadline for his appointment of an appraiser, but defendant failed to make such a designation. Solely on his own initiative, the sheriff then rescheduled the sale date to July 6, admittedly with no notice to defendant.
Following the sale of the property, plaintiff converted the suit into an ordinary proceeding and prayed for a deficiency judgment, as well as 25 percent of the principal and interest as attorney’s fees, that being the maximum amount specified in the note.
To that petition, defendant answered by generally denying its allegations. In addition, however, he asserted that the change in the sale date, of which he received no notice, constituted a defect in the proceedings sufficient to preclude a deficiency judgment.
Plaintiff then filed a motion for summary judgment, which was argued and taken under advisement. In a written opinion, the motion was granted after rejection of defendant’s arguments. Later, the deficiency judgment was signed, but plaintiff was awarded attorney’s fees in an amount less than the requested 25 percent.
Defendant devolutively appealed and reasserted the defense advanced in the trial court. Plaintiff answered the appeal and requested an increase in the attorney’s fees to compensate for the services necessitated by defendant’s appeal.
DISCUSSION
In its decision in First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834 (La.1988), our Supreme Court overruled the prevailing jurisprudence and held that a creditor who fully *623 complies with appraisal requirements may not be prevented from obtaining a deficiency judgment simply because of a lack of authentic evidence in the executory proceeding. Further, the court outlined the procedural and substantive elements which a creditor must follow and establish in a suit for a deficiency as follows:
To obtain a deficiency judgment, the creditor first must affirmatively plead and prove the existence of the obligation giving rise to the debt, La.C.C. art. 1831, and the grounds of non-performance entitling him to maintain his judicial action. La.C.C. art. 1994. Further, he must aver and establish by evidence that the property was sold under the executory proceeding after appraisal in accordance with the provisions of article 2723 of the Code of Civil Procedure; Gordon Finance Co. v. Chambliss, 236 So.2d 533 (La.App.2d Cir.1970), writ denied, 256 La. 869, 239 So.2d 364 (1970); Pickering v. Kinney, 205 So.2d 199 (La.App.2d Cir.1968); and that the proceeds received were insufficient to satisfy the balance of the performance then due. La.C.Civ.P. art. 27714; La.R.S. 13:4106; 4107.5 The appraisal procedures of article 2723 require that prior to the sale, the property seized must be appraised in accordance with law, and the order directing the issuance of the writ of seizure and sale must have directed that the property be sold as prayed for. Other statutory law sets forth the procedures for written notices to the debtor and seizing creditor, the appointment of appraisers, the sheriff’s appointment of an appraiser if a party neglects to do so, delivery of appraisals, oaths of appraisers, and the form of the appraisals. La.R.S. 13:4363-4365.
Id., at 834 (footnotes omitted).
In the case sub judice, defendant does not contend that the actual appraisal itself was not done as contemplated by law. Rather, citing LSA-R.S. 13:4363(A), he argues that the change in the sale date accorded him additional time in which to name an appraiser, time of which he was never aware absent notice of the sale date change. However, that statutory provision, which governs the appointment of appraisers, states:
Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale.
(Emphasis added).
Defendant acknowledges that the notice with which he was served requested his appointment of an appraiser by June 22, a date clearly at least four days prior to the sale which eventually occurred on July 6. Thus, the aforementioned statutory directive was followed, and no other irregularities in the appraisal procedure are alleged or present.
In effect, defendant contends that under the present circumstances the rescheduling of the sale constituted a defect so fundamental to the process that a deficiency judgment should be forever precluded. In light of the legally proper appraisal and the rationale of First Guaranty Bank v. Baton Rouge Petroleum Center, Inc., supra, defendant’s position appears to be seriously suspect even if one assumes that legal error emanated from the change in the sale date. However, we need not resolve the issue since further analysis discloses that in fact no defect in the executory proceeding arose from such a change.
Our research has uncovered no statutory or jurisprudential requirement that a debt- or be notified of an impending sale date. Indeed, in oral argument, counsel for defendant also conceded being unaware of any such requirement. Furthermore, concerning a partition sale, this court held that a party, even after written request, was not entitled to rely on the sheriff’s custom *624 ary practice of giving notice of the date of a judicial sale. See Kees v. Michael, 376 So.2d 1282 (La.App. 2d Cir.1979). Also, in Finance Security Co. v. Ford, 86 So.2d 746 (La.App. 1st Cir.1956), a debtor sought to annul a deficiency judgment rendered against him by default, claiming that he was not apprised of a postponement in the sale date of which he had been gratuitously given notice. Finding the lack of notice to be immaterial, the court denied relief. Hence, as a matter of law, in the case presently before us, no impropriety occurred through the failure to inform defendant of the change in sale dates.
Further, we note that the record contains no evidence that defendant was prejudiced in any way. He admittedly did not appoint an appraiser, and there is no indication that he appeared at the courthouse on the originally scheduled sale date. Besides, information concerning the sale was obtainable through the published notices or directly from the sheriffs office.
Having discussed and disposed of the issues raised by defendant, we now address plaintiffs request for an increase in attorney’s fees. Our review of the record persuades us to raise the award to allow a reasonable fee for professional services rendered on appeal. See Allen v. Burnett, 530 So.2d 1294 (La.App. 2d Cir.1988). Considering the brief and argument, we deem $1,000 to be an appropriate fee for plaintiffs attorney on appeal.
CONCLUSION
For the foregoing reasons, the judgment is amended to award plaintiff $1,000 in additional attorney’s fees for services on appeal. Defendant has previously been cast for all costs, which now includes those on appeal. As amended, the judgment appealed is affirmed.
AMENDED AND AFFIRMED.