601 So.2d 350 (1992)
CITICORP ACCEPTANCE COMPANY, INC.
v.
Joseph C. ROUSSELL, Jr. and Rhonda L. Roussell.
No. CA 91 0459.
Court of Appeal of Louisiana, First Circuit.
May 22, 1992.
Rehearing Denied August 10, 1992.
Lawrence Roe Dodd, Baton Rouge, for plaintiff-appellee.
Guy Huard, Southeast Legal Services, Hammond, for defendants-appellants.
Before SHORTESS, LANIER and CRAIN, JJ.
LANIER, Judge.
This action commenced as a suit for executory process seeking the seizure and sale of an automobile owned by the debtors. La.C.C.P. art. 2631 et seq.; La.R.S. 13:4101 et seq. The automobile was seized and sold for two-thirds of its appraised value. The *351 creditor filed a suit for a deficiency judgment. La.C.C.P. art. 2771 et seq. The debtors answered and asserted, among other things, that the executory process was a nullity because of improper service of notice to appoint an appraiser and, therefore, they were not liable for a deficiency judgment. The creditor filed a motion for a summary judgment that was granted by the trial court. The debtors took this devolutive appeal.

UNCONTESTED FACTS
On July 7, 1984, Joseph C. Roussell, Jr. and Rhonda L. Roussell (the Roussells) purchased a 1984 Toyota automobile from Adams Toyota, Inc. This sale was financed through the Citicorp Acceptance Company, Inc. (CAC). The Roussells executed a promissory note secured by a chattel mortgage on the automobile that obligated them to pay 48 installment payments of $441.56 each, commencing on August 21, 1984.
On March 18, 1985, CAC filed this suit for executory process. On March 20, 1985, the Sheriff of Tangipahoa Parish (Sheriff) issued notices of seizure and notices to appoint appraiser to the Roussells. The notices of seizure provided, in pertinent part, as follows:
TAKE NOTICE, That by virtue of a Writ of Seizure and Sale issued in the above entitled and numbered suit, I have seized and taken into my possession, the following described property, situated in the Parish of Tangipahoa, State of Louisiana, to-wit:
New 1984 Toyota Series 2195 2-Dr. 4 Cyl Serial JT2RA64L6E6218498
(TO BE SOLD WITH APPRAISEMENT)
NOW, therefore, unless you come forward in Three Days from the service hereof and pay the Judgment and Costs in said suit, I will proceed to advertise and sell the same, according to law, to satisfy plaintiff's demand, unless the same is immediately paid.
To satisfy the sum of EIGHTEEN THOUSAND THREE HUNDRED THIRTY TWO AND 25/100 ($18,332.25) DOLLARS, interest and costs.
The notices to appoint appraiser provided, in pertinent part, as follows:
You will please appoint an Appraiser to estimate the property seized in the above suit, and notify the Sheriff of appointment at least four (4) days, exclusive of holidays, prior to sale, which appraisal shall be made at least two (2) days, exclusive of holidays, prior to sale.
All of these notices were personally served on the Roussells on April 8, 1985.
On May 6, 1985, the Sheriff issued notices of sheriff's sale to the Roussells. These notices of sheriff's sale provided, in pertinent part, as follows:
NOTICE IS HEREBY GIVEN that, the property in the above captioned suit has been seized and is being advertised in the THE ENTERPRISE on May 8, 1985 with the sale date being WEDNESDAY, MAY 22, 1985 at 10:00 a.m. at the principal front door of the courthouse in Amite, Louisiana.
On May 6, 1985, Mr. Roussell was personally served with his notice of sheriff's sale, and Mrs. Roussell was domiciliarily served through Mr. Roussell with her notice. Also, on May 6, 1985, the Sheriff issued a notice to appoint appraiser and a notice of sheriff's sale to CAC.
On May 15, 1985, CAC appointed Rhonda L. Jabbour as its appraiser, and, on that same date Jabbour appraised the automobile at $7,500. The Roussells did not appoint an appraiser. On May 15, 1985, the Sheriff appointed Wallace Wells, Jr. as the appraiser to represent the Roussells, and, on May 17, 1985, Wells appraised the automobile at $7,500.
On May 22, 1985, the Sheriff sold the automobile at public auction to CAC for $5,000.

SUMMARY JUDGMENT
The law on summary judgments applicable to this case is set forth in Robertson v. Our Lady of the Lake Regional Medical Center, 574 So.2d 381, 383-385 (La.App. *352 1st Cir.1991), writ denied, 573 So.2d 1136 (La.1991) as follows:
LSA-C.C.P. art. 966 provides, in pertinent part:
A. The plaintiff or defendant in the principal or any incidental action, with or without supporting affidavits, may move for a summary judgment in his favor for all or part of the relief for which he has prayed....
B. ... The adverse party may serve opposing affidavits prior to the date of the hearing. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
LSA-C.C.P. art. 967 provides, in pertinent part:
Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein....
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
. . . . .
It is well settled that a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits show there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law.... The burden is upon the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that mover is entitled to judgment as a matter of law is summary judgment warranted.... Under LSA-C.C.P. art. 967, an adverse party may not rest upon the mere allegations or denials in his pleadings when a motion for summary judgment is made and supported by affidavits....
On motion for summary judgment, it must first be determined that the supporting documents presented by the moving party are sufficient to resolve all material issues of fact; if they are not sufficient, summary judgment should be denied. It is only if they are sufficient that the burden shifts to the opposing party to present evidence that a material fact is still at issue; only at this point may the adverse party no longer rest on the allegations contained in his or her pleadings....
In certain instances, the failure of an adverse party to file counter-affidavits does not automatically entitle the moving party to summary judgment.... However, if the moving party has established both that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law, it is incumbent upon the adverse party to set forth specific facts showing that there is a genuine issue for trial....
Summary judgments are not favored, and any reasonable doubt should be resolved against the mover.... In determining whether material issues have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. (Citations omitted)

DEFICIENCY JUDGMENT
The general law applicable for determining the validity of a deficiency judgment action is set forth in First Guaranty Bank, Hammond, Louisiana v. Baton Rouge Petroleum Center, Inc., 529 So.2d 834, 841-842 (La.1987) (on rehearing) as follows:

*353 When the property has been sold under the executory proceedings after appraisal and in accordance with statutory provisions governing appraisal, the creditor may obtain a personal judgment against the mortgagor for any deficiency remaining after the application of the net proceeds of sale to the secured debt. La.C.Civ.P. art. 2771. However, the creditor can do so only by converting the executory proceeding into an ordinary one, or by instituting a new suit against the mortgagor. La.C.Civ.P. arts. 2644, 2772. Under either method, the new proceeding is a personal action, in which the defendant has all of the rights of a defendant in an ordinary proceeding, e.g. he must be subjected personally to the jurisdiction of the court and process must be served on him. The confession of judgment, having served its purpose in the executory proceeding, has become functus officio, and the mortgagee must prove the indebtedness asserted by the usual modes of proof. La.C.Civ.P. art. 2772;....
To obtain a deficiency judgment, the creditor first must affirmatively plead and prove the existence of the obligation giving rise to the debt, La.C.C. art. 1831, and the grounds of non-performance entitling him to maintain his judicial action. La.C.C. art. 1994. Further, he must aver and establish by evidence that the property was sold under the executory proceeding after appraisal in accordance with the provisions of article 2723 of the Code of Civil Procedure; ... and that the proceeds received were insufficient to satisfy the balance of the performance then due. La.C.Civ.P. art. 2771; La.R.S. 13:4106; 4107. The appraisal procedures of article 2723 require that prior to the sale, the property seized must be appraised in accordance with law, and the order directing the issuance of the writ of seizure and sale must have directed that the property be sold as prayed for. Other statutory law sets forth the procedures for written notices to the debtor and seizing creditor, the appointment of appraisers, the sheriff's appointment of an appraiser if a party neglects to do so, delivery of appraisals, oaths of appraisers, and the form of the appraisals. La.R.S. 13:4363-4365.
The debtor, on the other hand, may assert both negative and affirmative defenses against the deficiency judgment action. He may defend by demonstrating the creditor's failure to prove one of the aforementioned elements of his case or by rebutting the existence of such an element. Additionally, the debtor may assert that an obligation is null, or that it has been modified or extinguished, but in such a case the debtor must prove the facts or acts giving rise to the nullity, modification, or extinction. La.C.C. art. 1831; La.C.Civ.P. art. 1005. (Citations omitted; footnotes omitted; emphasis added)

VALIDITY OF NOTICES TO APPOINT APPRAISER IN EXECUTORY PROCESS
The essence[1] of the Roussells' assignments of error is set forth in their brief as follows:
There is nothing in either of the Notices to Appoint appraiser served on Mr. and Mrs. Roussell which tells them when the sheriff sale was to have taken place. Without the key information as to the date of the sale, the advice to appoint an appraiser and submit an appraisal was hollow.
The judicial sales statute covering appraiser appointment notices requires service *354 of a notice on the creditor and the debtor by the sheriff, "directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays prior to the time of the sale." 13 La.R.S. § 4363A. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale. At a minimum, the statute requires that a time be stated in the notice apprising the parties of the deadline for notifying the sheriff of their appraiser appointments. By simply repeating the "four day", "two day" language of the statute without stating a particular time deadline for the Roussells to notify the sheriff of their appraiser appointment the challenged notice failed to meet the minimum notice requirements of state judicial sales law.
La.R.S. 13:4363(A) sets forth the procedure to be used by the Sheriff to notify the debtor of his right to appoint an appraiser and prescribes a minimum time frame for doing so. It provides as follows:
Not less than seven days, exclusive of holidays, before the sale of seized property, the sheriff shall serve written notice on the debtor and on the seizing creditor, in the manner provided for the service of a citation, directing each to name an appraiser to value the property and to notify the sheriff of his appointment prior to the time stated in the notice, which shall be at least four days, exclusive of holidays, prior to the time of the sale. The appraisal of the debtor and seizing creditor shall be made and delivered to the sheriff at least two days, exclusive of holidays, prior to the time of the sale.
This statute must construed according to the standard rules of statutory interpretation. La.R.S. 1:1 et seq.; La.C.C. art. 9 et seq.; P & G Retailers, Inc. v. Wright, 590 So.2d 1272 (La.App. 1st Cir.1991). As applied to the facts of the instant case, La. R.S. 13:4363(A) required that the Sheriff serve written notices on the Roussells prior to May 15, 1985, directing them to name an appraiser to value the automobile and notify the Sheriff of the appraiser's appointment "prior to the time stated in the notice", which shall be not later than May 15, 1985 (at least four days, exclusive of holidays, prior to the time of the sale). The clear and unambiguous language of this statute shows the notice directing the parties to name appraisers and the notice fixing the deadline for giving the names of the appraisers to the Sheriff are the same notice (or document). The Sheriff did not strictly comply with the language of the statute when he notified the debtors of their right to appoint an appraiser and the date of the sale in separate notices.
However, not every flaw in an executory proceeding will constitute a defense to a subsequent action for a deficiency judgment. In First Guaranty Bank, Hammond, Louisiana, 529 So.2d at 843, appears the following:
The Code of Civil Procedure and statutes require a creditor seeking to obtain a deficiency judgment to prove only that there is a deficiency due on the debt after the distribution of the proceeds of the judicial sale and that the property was sold under executory proceeding after appraisal in accordance with La. C.Civ.P. art. 2723. La.C.Civ.P. art. 2771. The legislated law does not require a creditor to prove that he presented flawless authentic evidence in the executory proceeding in order to obtain a deficiency judgment or grant the debtor a defense to a deficiency judgment based upon the creditor's failure to do so.
Only a fundamental defect in an executory proceeding will constitute a valid defense to a deficiency judgment. Louisiana National Bank v. LaBorde, 527 So.2d 41 (La. App. 3rd Cir.1988); Fidelity National Bank of Baton Rouge v. Pitchford, 374 So.2d 149 (La.App. 1st Cir.1979). In M. Rubin, Security Devices: The Deficiency Judgment Act, 49 La.L.Rev. 495, 497 (1988), appears the following:[2]

*355 It is possible that a defect in the appraisal process may bar a subsequent deficiency judgment, notwithstanding First Guaranty, for First Guaranty applies only to a creditor "who fully complies with the appraisal process." The type of defect may affect whether the bar to a deficiency judgment will be sustained. A technical defect, such as an appraisal that is improperly signed or untimely delivered, may be one that requires the debtor to raise the defense timely, prior to the sale. Indeed, because a debtor has the ability to appoint his own appraiser even a defect so severe as an improper appraisal may not be a sound basis for barring a deficiency judgment. In that instance, the failure of the debtor to act on his own, or to raise the improper appraisal timely, may give rise to the same type of "diligent debtor" argument that First Guaranty found so appealing. (Footnotes omitted)
Thus, it has been held that appointment of an unqualified appraiser [Citizens Bank of Ville Platte v. American Druggists Ins. Co., 471 So.2d 1119 (La.App. 3rd Cir.1985) ] and failure to describe the property to be sold in the appraisal form [Ardoin v. Fontenot, 374 So.2d 1273 (La.App. 3rd Cir. 1979) ] are fundamental defects and constituted valid defenses. Conversely, it has been held that delaying the date of the judicial sale without notifying the debtor [American Bank & Trust Company v. Bandaries, 552 So.2d 621 (La.App. 2d Cir. 1989), writ denied, 556 So.2d 60 (La.1990) ], failure to type in the appraiser's name in an appraisal form [Louisiana National Bank v. LaBorde, 527 So.2d at 44], failure of a notary to paraph an appraiser's oath [G.M.A.C. v. Mergist, 520 So.2d 1109 (La. App. 3rd Cir.1987), writ denied, 522 So.2d 566 (La.1988) ], failure to administer the oath to an appraiser [John Deere Company v. Loewer, 505 So.2d 973 (La.App. 3rd Cir.1987) ], and failure to file the appraisal of the creditor's appraiser until the day of the judicial sale [Stockman v. Money, Inc., 277 So.2d 504 (La.App. 1st Cir.1973) ], were not fundamental defects and did not constitute valid defenses to a subsequent deficiency judgment action.
On April 8, 1985, the Roussells were served with notices that advised them that (1) the Sheriff seized their 1984 Toyota; (2) if the balance due on their loan from CAC was not paid in three days the Sheriff would proceed to advertise the automobile for judicial sale according to law, and (3) they could "appoint an appraiser to estimate the property seized ... and notify the Sheriff of appointment at least four ... days, exclusive of holidays, prior to sale, which appraisal shall be made at least two... days, exclusive of holidays, prior to sale." On May 6, 1985, the Roussells were served with notices that advised them that (1) the judicial sale of their automobile was being held on May 22, 1985, and (2) the judicial sale was being advertised on May 8, 1985. These uncontested facts show substantial compliance with La.R.S. 13:4363(A). The language of the notice to appoint appraiser substantially tracks the language of the statute. The Roussells were advised of their right to appoint an appraiser and the time of the judicial sale well in advance of the date of the sale. Accordingly, we hold, as a matter of law under the uncontested facts of this case, that the failure of the Sheriff to advise the Roussells in the same document (notice) of their right to appoint an appraiser and the date of the judicial sale is not a fundamental defect that precludes a deficiency judgment.
These assignments of error are without merit.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. The Roussells are cast for all costs of these proceedings. La.C.C.P. art. 5188; Smith v. AMF Tuboscope, Inc., 442 So.2d 679 (La.App. 1st Cir.1983).
AFFIRMED.
SHORTESS, J., dissents with reasons.
*356 SHORTESS, Judge, dissenting.
The applicable statute, LSA-R.S. 13:4363(A), requires a notice to the debtor telling him of his right to name an appraiser prior to the time stated in the notice. The March 20, 1985, Notice to Appoint Appraiser was silent as to the time of the sale. The Notice of Sheriff's Sale is dated May 6, 1985 (47 days later) and advises defendants that the sale will be held on May 22, 1985. It is not reasonable, in my opinion, to require defendants to put the two notices together and then determine the appropriate deadline for appointment of the appraiser. The March 20, 1985, notice should have contained the date as required by the statute. This was a substantial defect and gave defendants a valid defense to the deficiency judgment proceedings.
I respectfully dissent.
NOTES
[1] The actual assignments of error state the following:

I. Did The Notice To Appoint Appraiser Served On The Defendant-appellants Herein Satisfy The Notice Requirements Of State Judicial Sales Law?
II. Did Plaintiff-appellee's Notice To Appoint Appraiser Meet The Notice Requirements Of State Judicial Sales Law?
III. Is The Plaintiff-appellee's Deficiency Judgment A Nullity As A Result Of Defects In The Notice To Appoint Appraiser Served On Defendant-appellants?
IV. Did The Sheriff Deny Defendant-appellants Due Process In His Preparation And Service Of Notices To Appoint Appraisers?
[2] In First Guaranty Bank, Hammond, Louisiana, the court held that failing to have authentic evidence of a corporate resolution in an executory proceeding was not a valid defense to a subsequent action for a deficiency judgment.